## STATE OF CONNECTICUT *v.* JOHN JONES
### (8102)

BORDEN, O'CONNELL and FOTI, Js.

Argued April 11—decision released July 10, 1990

*Jon L. Schoenhorn,* with whom, on the brief, was *Cristina Cabral,* law student intern, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Michael Pepper,* assistant state's attorney, for the appellee (state).

FOTI, J. The trial court held a hearing pursuant to General Statutes § 53a-32 and found that the defendant was in violation of the conditions of his probation. It opened and vacated the original judgment of conviction, and rendered judgment imposing the unexecuted portion of the original sentence, a term of imprisonment of five and one-half years. The defendant claims that the court improperly (1) denied his

request for a continuance, and (2) imposed his sentence without affording him the right of allocution, that is, without asking him if he cared to address the court personally before his sentence was imposed.[1] We affirm the judgment of the trial court.

On March 25, 1988, the defendant was convicted of possession of narcotics in violation of General Statutes § 21a-279 (a). At the time of sentencing, he admitted that he was in violation of an earlier imposed sentence of probation. The court sentenced him to imprisonment for six years, suspended after six months, followed by a five year probation period. In addition, the defendant received a six month sentence, to run concurrent with the above sentence, for violation of probation. The defendant's probation was expressly conditioned upon his receiving inpatient drug treatment for not less than one year and an agreement that he would not violate any criminal law of the United States, this state or any other state. On the same day that this sentence was imposed, the defendant reviewed the conditions of his probation with a probation officer and signed a form indicating that he understood his obligations while on probation.

The defendant was released from incarceration on August 10, 1988. On September 4, 1988, he was arrested on charges of possession of narcotics, possession of a controlled substance with intent to sell within 1000 feet of a school, and disorderly conduct, in violation of General Statutes §§ 21a-279 (a), 21a-278 (b) and 53a-182, respectively. Following these charges, an arrest warrant issued on September 21, 1988, charging him with violation of probation pursuant to General Statutes § 53a-32. The defendant was arrested and arraigned on September 27, 1988, for the violation of his proba-

[1] For a complete history of the ancient English common law rule of allocution, see State v. Carr, 172 Conn. 458, 473–77, 374 A.2d 1107 (1977).

tion. At this time, a public defender was appointed. Subsequently, on February 8, 1989, Attorney Herbert Scott filed his appearance on behalf of the defendant.

The court held a probation revocation hearing on March 30, March 31, and April 4, 1989. At that hearing, the court could reasonably have found the following facts. On September 4, 1988, two officers of the New Haven police department, Frank Roberts and Vincent Raucci, were parked in an unmarked car at the corner of Fillmore and Lombard Streets in that city. This particular location has an extensive history of illegal narcotics activity. The officers were there to apprehend Edison Vidro, who was wanted in connection with a shooting. While waiting for Vidro, Roberts observed the defendant approach several vehicles at the corner of Filmore and Pine Streets, hand each driver something, and in turn receive something from each driver. Roberts next observed a white male, known to him to be a heroin addict, approach the defendant and conduct a similar transaction with him. A motor vehicle driven by Vidro then approached the defendant. At this time, the officers drove their vehicle to the defendant's location. When the defendant observed the officers, he dropped a pink plastic bag on the ground and crouched down behind an oak tree. Raucci proceeded to arrest Vidro, while Roberts seized the bag and arrested the defendant. A field test and subsequent examination of the bag by a state forensic toxicologist determined that the bag contained heroin residue.

The defendant first claims that the trial court abused its discretion by denying his request for a continuance of the probation hearing.

The probation hearing had been scheduled on three dates in the nine weeks preceding March 30, 1989. On that day, Scott filed a motion to withdraw "for the reason that the attorney client relationship has broken

down irretrievably with the result that it will be impossible to provide an adequate defense for the defendant. In addition, the defendant has arranged for another to represent him in the matter." Attorney James Swaine addressed the court, stating that he would not file an appearance on the defendant's behalf unless the continuance was granted.[2] He never filed an appearance or requested a continuance to a specific day.[3] Scott's motion was denied by the court, and the hearing proceeded.

The determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. *State* v. *Aillon,* 202 Conn. 385, 394, 521 A.2d 555 (1987). To establish an abuse of discretion, the defendant must show that denial of the continuance demonstrably prejudiced his ability to defend himself. *State* v. *Beckenbach,* 198 Conn. 43, 52, 501 A.2d 752 (1985); *State* v. *Stanley,* 197 Conn. 309, 311–12, 497 A.2d 46 (1985); *State* v. *Marra,* 195 Conn. 421, 437–38, 489 A.2d 350 (1985).

It is clear that a defendant in a criminal matter has a constitutional right to the effective assistance of counsel. *McMann* v. *Richardson,* 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *Levine* v. *Manson,* 195 Conn. 636, 639, 490 A.2d 82 (1985); *State* v. *High,* 12 Conn. App. 685, 690, 533 A.2d 1217 (1987),

---

[2] The court addressed Swaine concerning his ability to proceed that day as follows:

"The Court: Mr. Swaine, you're not in the case at this point. I gather if Mr. Scott is allowed to withdraw and you file your appearance, you're filing it only on the condition that the case not go ahead today.

"Mr. Swaine: That's correct, Your Honor, and that's the only thing I want, with the permission of the court, to put on the record. I had represented to Mr. Jones that I would not be willing to file an appearance if it was the court's position that it go forward. I would simply not be prepared."

[3] Scott also reported that Swaine was on jury duty that day, to which the court replied: "We can take care of that."

cert. denied, 207 Conn. 801, 540 A.2d 74 (1988). The right to counsel, however, does not include the unbridled right to discharge counsel on the eve of trial; *State* v. *Drakeford,* 202 Conn. 75, 83, 519 A.2d 1194 (1987); an unlimited opportunity to obtain alternate counsel; *State* v. *Watson,* 198 Conn. 598, 610, 504 A.2d 497 (1986); or the absolute right to counsel of one's choice that must give way to the need for fair and efficient administration of justice. *State* v. *Beckenbach,* supra, 49 n.5.

"The standard of review to be applied when reviewing a denial of a request for alternate counsel is whether the trial court abused its discretion in determining that a factual basis did not exist for granting the request." *State* v. *High,* supra, 690. In the present case we find no abuse of that discretion. The defendant showed no specific prejudice to his defense as a result of the denial of his request for a further continuance. There was no claim that counsel of record was unprepared to go forward. The defendant at no time claimed ineffective assistance of counsel. The court was never informed of the reason for the defendant's displeasure or dissatisfaction, if any, with his counsel. Further, since no specific date for a continuance was requested, the court could not know when Swaine would be available, thereby making the request for a continuance one for an unspecified duration.

" 'It is the province of the trial court to determine whether there is a factual basis for disqualification of counsel. . . . In the absence of a factual record showing an abuse of discretion, the trial court's failure to permit the withdrawal of counsel is not reversible error.' " *State* v. *High,* supra, 691, quoting *State* v. *Watson,* supra, 610. The court's action here did not impair the defendant's ability to defend himself. We find no abuse of discretion.

The defendant next claims that the court should have granted the defendant or his counsel the right of allocution before imposing sentence. This claim is without merit.

At the completion of testimony, and after closing arguments of both counsel, the court issued its ruling, finding that the defendant had violated the terms of his probation. The probation was revoked and the defendant was ordered to serve the remainder of his sentence. The defendant claims that the trial court failed to give him an opportunity to be heard prior to imposing his sentence as set forth under Practice Book § 919,[4] and thus denied him his due process rights.[5]

The defendant failed to raise this claim in the trial court, but seeks appellate review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), and the plain error

---

[4] Practice Book § 919 provides in pertinent part: "Before imposing a sentence or making any other disposition after the acceptance of a plea of guilty or nolo contendere or upon a verdict or finding of guilty, the judicial authority shall, upon the date previously determined for sentencing, conduct a sentencing hearing as follows:

"(1) The judicial authority shall afford the parties an opportunity to be heard and, in his discretion, to present evidence on any matter relevant to the disposition, and to explain or controvert the presentence investigation report or any other document relied upon by the judicial authority in imposing sentence.

\* \* \*

"(3) The judicial authority shall allow the defendant a reasonable opportunity to make a personal statement in his own behalf and to present any information in mitigation of the sentence."

[5] The court, after reviewing the evidence presented, concluded: "I think the evidence is sufficient, and the standard of proof is reliable and probative evidence. It's the finding of the court based on the reliable and probative evidence that I've heard that you have violated the terms of your probation, the suspension ordered by this court in the other case is revoked, and you are committed to the custody of the commissioner of correction for the execution of the balance of your sentence.

"Sheriff, take him downstairs.

"Recess."

doctrine. Our Supreme Court has recently held that a defendant can prevail on a claim not preserved at trial "only if *all* the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

The appellant bears the responsibility for providing an adequate record for review of his claim. Practice Book § 4061; *Chomko* v. *Patmon,* 19 Conn. App. 483, 488, 563 A.2d 311, cert. denied, 212 Conn. 819, 565 A.2d 539 (1989). "If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim." *State* v. *Golding,* supra, 240.

The defendant has failed to establish an adequate record for our review of his claim. He alleges that the court, in exercising its discretion under § 53a-32 (b), deprived him of the opportunity to be heard after the final arguments of both counsel and before the court revoked his probation and reinstated his earlier sentence. The record is devoid, however, of any suggestion that the court acted to prevent the defendant from speaking, or that either the defendant or his counsel wished to speak. In addition, the defendant's argument, that he was deprived of the opportunity to speak and that anything said after the imposition of sentence would have been fruitless, is unpersuasive.

In the absence of any indication on the record that either the defendant or his counsel or both wished to be heard, we cannot speculate as to what might have been said, or whether any statement made would have affected the reimposition of sentence. Nor can we speculate that the trial judge would not have opened the judgment and reimposed a different sentence if counsel or the defendant had sought and been given permission to address the court. Although the record does show that the court did not ask if anyone wished to be heard, the defendant gave the court no opportunity to grant or deny his request to be heard so as to rectify a sentence that he believed to be too harsh.

Since the first condition under *Golding* is not met, we decline to review this claim further.

The judgment is affirmed.

In this opinion the other judges concurred.