STATE OF CONNECTICUT *v.* MARTIN McCULLOCH
(8827)

DUPONT, C. J., DALY and LANDAU, Js.

Argued December 11, 1990—decision released February 19, 1991

*Sheila M. Prats-Berger,* deputy assistant public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom were *Eva Lenczewski,* deputy assistant state's attorney, and *John A. Connelly,* state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and risk of injury to a child in violation of General Statutes § 53-21. The defendant claims that the trial court should have (1) granted the defendant's motion for continuance, (2) conducted a pretrial competency hearing for the minor complainant, and (3) excluded constancy of accusation testimony. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. The complainant was visiting at her grandmother's house on her sixth birthday in May of 1989. The complainant's father lived in the grandmother's house along with the defendant, the complainant's uncle. During the evening's birthday festivities the defendant was absent. Later that night, the complainant lay down on a blanket spread on the floor of the living room watching a television program and fell asleep. While the child was asleep, the defendant came home and sexually molested her. The complainant awoke, experienced pain from the molestation and afterward fell back to sleep.

The next morning, the child reported the incident to her mother. Her mother examined her and saw some symptoms of molestation. The following day, the complainant's mother called the police and brought the child for examination to Waterbury Hospital where the child was seen by a physician and later interviewed by a police officer. Two weeks later, the mother brought her

daughter to a clinical psychologist for evaluation. Subsequently, the defendant was arrested and convicted. This appeal followed.

The defendant first claims that the trial court abused its discretion when it denied his request for a continuance. The following chronology is germane to this issue. The defendant was arrested in May of 1989 and a pretrial hearing was scheduled for September 8, 1989, at which time his present counsel took over the case from preceding counsel. That same day, the trial court, *Sullivan, J.,* refused to accept a plea agreement that had been made, the case was placed on the firm jury list and continued to September 22, 1989. On September 22, 1989, defense counsel requested a further continuance. The trial court, *Heiman, J.,* directed the parties to select a jury but allowed a continuance until October 5, 1989. On September 26, 1989, defense counsel requested another continuance which the trial court, *Heiman, J.,* denied after reviewing the case history. On October 5, 1989, defense counsel renewed her request for a continuance claiming that she needed more time to prepare the case properly. In denying her motion, the trial court noted that the state had an open file policy.

The decision to grant or deny a motion for a continuance lies within the discretion of the trial court. *State v. Myers,* 193 Conn. 457, 463, 479 A.2d 199 (1984); *State v. Jones,* 22 Conn. App. 303, 306, 577 A.2d 293 (1990). There are no clear tests to decide when a denial of a continuance is an abuse of discretion or a violation of due process. *State v. McKnight,* 191 Conn. 564, 576, 469 A.2d 397 (1983). The issue is decided on a case by case basis in view of the circumstances at the time the request is made. Id. This court, however, must make every reasonable presumption in favor of the trial court's discretion. Id., 577. Moreover, the defendant must show that the trial court acted arbitrarily and sub-

stantially impaired his ability to defend himself, before this court will conclude that an abuse of discretion has occurred. *State* v. *Damon,* 214 Conn. 146, 160, 570 A.2d 700 (1990); *State* v. *Myers,* supra.

Although the defendant was facing serious charges and there was no evidence that counsel requested a continuance for the purposes of delay, these circumstances in and of themselves do not lead to the conclusion that there was an abuse of discretion. The defendant has not alleged any specific prejudice to his defense that resulted from the trial court's denial of a further continuance. Defense counsel had nearly a month from the time she first appeared until the presentation of evidence. Defense counsel had access to the state's file because of the open file policy. Furthermore, defense counsel presented a thorough, well prepared defense and fully cross-examined the state's witnesses. Therefore, under these circumstances, we find no merit to the defendant's first claim. See, e.g., *State* v. *Walker,* 215 Conn. 1, 7–11, 574 A.2d 188 (1990).

The defendant next claims that the trial court should have granted his motion to conduct a child competency hearing before allowing the complainant to testify. This claim is without merit because the trial court did conduct a competency hearing of the complainant before she was allowed to testify. The child was thoroughly questioned during the voir dire, counsel presented arguments and the trial court fully articulated its basis for allowing the complainant to testify.[1]

---

[1] After the voir dire of the complainant and counsels' arguments, the court explained its ruling:

"The Court: Obviously, the court has had an opportunity to view the witness from some three or four feet and would also like to point out there are approximately ten or eleven people in the courtroom and there were that many when she came into the courtroom. And I know a lot of adults that couldn't testify as well as she did on being brought into a place with people looking and watching, and she being the sole eye of attention. And she answered the questions put to her as distinctly as anybody that would

The defendant's claim arises from a conflict between General Statutes § 54-86h[2] and Public Acts 1989, No. 89-177, which amended General Statutes § 54-86g.[3] In denying her motion, the court relied on General Statutes § 54-86h, allowing a child victim of sexual assault to testify without prior qualification. After this denial, the trial court appeared to reverse its decision after more consideration of both statutes and then conducted the competency hearing.

Even if we assume, arguendo, that General Statutes § 54-86g, as then amended, did require that a child witness in an assault case first be found competent prior to testifying, the trial court did so in this case. This action constructively reversed the trial court's earlier decision denying the defendant's motion. Therefore, the defendant's claim is without basis.

want to testify in court. I'm impressed with her ability to understand the questions that were asked of her and the ability to recollect and tell her answers in a manner that one might expect of somebody her age.

"Certainly she has an understanding as to the consequences of not telling the truth, not only as to herself, but of people . . . . So that the court feels that she does have the capacity to understand where she is, understands the nature of the facts that she's testified to so far and the ability to recollect and narrate intelligently the questions that have been asked of her and also to understand that there are consequences both from a personal and a third party point of view from not telling the truth. . . . [T]he court finds that this youngster is qualified to testify."

[2] General Statutes § 54-86h provides in relevant part: "No witness shall be automatically adjudged incompetent to testify because of age and any child who is a victim of assault, sexual assault or abuse shall be competent to testify without prior qualification."

[3] General Statutes § 54-86g, as amended by Public Acts 1989, No. 89-177, provides in relevant part: "(b) In any criminal prosecution of an offense involving assault, sexual assault or abuse of a child twelve years of age or younger, the court may, upon motion of the attorney for any party, order that the following procedures be used when the testimony of the child is taken . . . . *The question of the competency of the child as a witness shall be resolved prior to the time of the trial.*"(Emphasis added.)

The legislature has subsequently repealed the last sentence of this amendment in Public Acts 1990, No. 90-230, § 94.

The defendant finally challenges the testimony of the victim's mother, a detective and two health experts under the constancy of accusation exception. At trial, the defendant objected to this evidence on hearsay grounds and was overruled. On appeal, the defendant claims that the prejudicial effect of this evidence outweighed its probative value. The defendant further claims that this evidence should not have been admitted because the trial court should have conducted a competency hearing. Without such a hearing, the defendant argues, there was no proper basis for constancy of accusation testimony. See *State* v. *Segerberg,* 131 Conn. 546, 547, 41 A.2d 101 (1945) (requiring the victim to testify before allowing constancy of accusation testimony).

Here, the trial court found the complainant competent to testify after a traditional competency hearing, and she did so. The challenged witnesses were properly permitted to testify regarding the complainant's statements to them under the long-standing constancy of accusation exception. *State* v. *Ouellette,* 190 Conn. 84, 96–100, 459 A.2d 1005 (1983), and cases cited therein. Furthermore, this testimony was more probative than prejudicial because such testimony goes to a complainant's credibility. See *State* v. *Brigandi,* 186 Conn. 521, 526, 442 A.2d 927 (1982); see also *State* v. *Bethea,* 24 Conn. App. 13, 17–21, 585 A.2d 1235 (1991).

The judgment is affirmed.

In this opinion the other judges concurred.