GLADYS G. ROSE ET AL. *v.* DOREEN J. MESSIER ET AL.
(2203)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued February 2—decision released April 24, 1984

*Jefferson Hanna III,* for the appellants (defendants).

*Robert M. Ward,* for the appellees (plaintiffs).

PER CURIAM. This is an action to foreclose a mortgage given by the defendant Doreen J. Messier on a certain piece of property. The complaint alleges that on December 12, 1980, the defendants, Doreen J. and Louis N. Messier, both signed a promissory note to the plaintiffs, David S. and Gladys G. Rose. The defend-

---

ants, by way of an answer and a disclosure of defense, denied signing the note. Doreen J. Messier, on December 12, 1980, also gave a mortgage on land she owned in Guilford as security for the note. The defendants did not pay the note. Thereafter, on June 22, 1981, the plaintiffs commenced foreclosure proceedings against the land in Guilford.

The case was assigned for trial on June 9, 1983. At that time, the defendants told the court they had discharged their attorney and requested time to substitute another. The trial court, *Fracasse, J.,* thereupon assigned the case for trial on June 21, 1983; Practice Book § 274 (b); and ordered that trial proceed on that date with or without counsel. Just as the trial was about to begin on June 21, the defendants moved for a continuance of the action to afford their expert witness more time for examination of the mortgage note and filed a motion to amend their answer by adding a counterclaim. The proposed counterclaim was based on a claim that the plaintiffs, at the time of the loan, failed to disclose to them certain financial information required by federal law. The motion for a continuance was also based upon the ground that, if the case proceeded, Doreen J. Messier would suffer an undue hardship because she would miss the last scheduled day at the school where she was employed as a teacher. The trial court, *Hadden, J.,* denied both the motion for a continuance and the motion to amend, but changed the usual order of the trial to accommodate the defendants.

The trial proceeded for the next two days with the presentation of the plaintiffs' case. After the plaintiffs rested on June 23, 1983, Doreen J. Messier appeared and testified as a defense witness. The court then recessed the case and permitted the defendants until July 1, 1983 to produce their expert witness. Counsel for the defendants appeared on July 1, 1983, and moved for a further continuance on the ground that his expert

lacked the necessary competence to testify and he needed time to obtain another expert. The court denied the motion and upon the evidence presented rendered a judgment of strict foreclosure. The defendants appeal on the grounds that the trial court erred in denying their motion to amend and motions for continuances.

A motion for a continuance is within the discretion of the trial court and its denial is not error unless that discretion is abused. *Vanderlip* v. *Vanderlip,* 1 Conn. App. 158, 158–59, 468 A.2d 1253 (1984). The court, upon the facts here, was entirely justified in refusing to continue the case. As to the denial of the motion to amend, the Supreme Court, in *Clayton* v. *Clayton,* 115 Conn. 683, 686, 163 A. 458 (1932), stated that unless there is some sound reason for denying permission to amend it should be granted. When an amendment is offered, however, the circumstances of the particular case, such as an unreasonable delay in the disposition of the case, fairness to the opposing party, who may have been misled or taken unaware, and confusion of the issues are to be considered. "Much must necessarily be left to the sound discretion of the court and its action is reviewable only in the case of abuse." Id.

The record expressly discloses the sound reasons which led the trial court to disallow the amendment and to refuse to grant continuances. The case had been pending in court for almost two years. The time of trial was imminent. The obvious fact that only a delay in reaching the issues in the pleadings and the trial itself would have resulted from the allowance of the motions amply supports their denial in the court's discretion.

There was no abuse of discretion in the denial of the defendants' motions to continue the action and to amend their answer.

There is no error.