STATE OF CONNECTICUT *v.* HENRY BECKENBACH
(12534)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and ASPELL, Js.

Argued October 8—decision released December 10, 1985

*Linda N. Knight,* deputy assistant state's attorney, with whom, on the brief, were *Raymond Doyle* and *John Massameno,* assistant state's attorneys, for the appellant (state).

*Joseph E. Fazzano,* with whom, on the brief, was *Kevin Dubay,* for the appellee (defendant).

ARTHUR H. HEALEY, J. This is an appeal, after certification, from a judgment of the Appellate Court reversing a conviction because the trial court abused its discretion in denying a continuance to the defendant. The Appellate Court remanded the case for a new trial. We granted certification on a petition by the state to review the judgment of the Appellate Court on this issue: "Whether in the absence of a showing of prejudice, the denial of a continuance sought to obtain counsel of a defendant's choice constitutes reversible error." We reverse the judgment of the Appellate Court.

The defendant, Henry Beckenbach, was convicted by a jury of the crimes of breach of the peace in violation of General Statutes § 53a-181 (a) and of interfering with an officer in violation of General Statutes § 53a-167a.[1]

---

[1] On the first count, the defendant was sentenced to a term of three months with the execution suspended and probation for one year. On the second count, he was sentenced to a term of nine months, the execution of which was suspended after six months, and probation for one year. Both sentences were ordered to be served concurrently.

The same jury found the defendant not guilty of the charges of reckless driving and speeding.

The charges arose out of the defendant's actions during an investigation of a motorcycle accident by the Danbury police department. The jury found the defendant not guilty of reckless driving, General Statutes § 14-222 (a); and not guilty of the lesser included offense of speeding.[2] The defendant appealed to the Appellate Court. The defendant claimed on that appeal that the evidence was insufficient to sustain the convictions and that the trial court abused its discretion in denying his motions for a continuance. The Appellate Court found that the evidence presented was sufficient to support the verdict, but held that a continuance should have been granted. The facts of the case are fully set forth in the Appellate Court opinion. *State* v. *Beckenbach,* 1 Conn. App. 669, 670–72, 476 A.2d 591 (1984).

The circumstances surrounding the defendant's requests for continuances based on the unavailability of his requested attorney are as follows: The defendant was arraigned on June 22, 1981, and pleaded not guilty. He elected to be tried by a jury. *State* v. *Beckenbach,* supra, 672. The law office of Joseph E. Fazzano filed an appearance in the case in March, 1982. The case was assigned a trial date of June 2, 1982, at which time it was reported to the trial court that Fazzano was on trial in a civil case in Hartford. *State* v. *Beckenbach,* supra. The court, *Sullivan, J.,* continued the case until June 3, 1982. An associate in Fazzano's law firm, Kevin Dubay, appeared in court on June 3, 1982, at which time he requested a continuance. The court denied that request and a jury was selected on that date. After the jury was selected, the court, *Sullivan, J.,* continued the case until June 8 because it had a prior court commit-

---

[2] The information charged the defendant with operating a motor vehicle upon a public highway "in a reckless manner at a rate of speed that endangered persons other than himself, in violation of Section 14-222 (a) of Connecticut General Statutes."

ment. On June 8, Dubay again requested a continuance which was denied. Dubay informed the court on each date that Fazzano was engaged in a civil trial in Hartford and that the defendant had specifically requested that Fazzano represent him. The court noted on June 8 that there had been six days since the last continuance on June 3 and that "Mr. Fazzano had time to make arrangements to be here, or whatever, and I think that's very reasonable."

Dubay took an exception to both denials of the motions for a continuance. The trial commenced on June 8 with Dubay representing the defendant and his codefendant, Lawrence Spindle. The trial lasted five days, ending on June 17. *State* v. *Beckenbach,* supra, 673. The defendant was convicted of the two charges set out above. Both he and his codefendant were acquitted of the charge of reckless driving and of the lesser included offense of speeding. The court continued the case to June 18 for sentencing, at which time Dubay, as counsel for the defendant, moved "to set aside the verdict pursuant to Connecticut Practice Book Section 899"[3] on the ground of, inter alia, the denial of the motions for a continuance. Dubay stated that the "facts of which continuance still exist" and that "Mr. Fazzano is still on trial" in Hartford. The court denied the motion and an exception was taken.

The Appellate Court reviewed the actions of the trial court and, without any claim of demonstrable prejudice or ineffective assistance of counsel being advanced by the defendant, concluded that the trial court had abused its discretion in denying the requests for a continuance. *State* v. *Beckenbach,* supra, 675–76. The Appellate Court found error, reversed the judgment

[3] As the Appellate Court correctly notes; *State* v. *Beckenbach,* 1 Conn. App. 669, 674 n.5, 476 A.2d 591 (1984); insofar as this motion pertains to the denials of the motions for a continuance, the proper motion was for a new trial under Practice Book § 902.

and ordered a new trial. *State* v. *Beckenbach,* supra, 680. Thereafter, the state sought, and we granted, certification.

As the Appellate Court noted, the "matter of a continuance is traditionally within the discretion of the trial judge, which will not be disturbed absent a clear abuse. *Ungar* v. *Sarafite,* 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921, reh. denied, 377 U.S. 925, 84 S. Ct. 1218, 12 L. Ed. 2d 217 (1964); *Thode* v. *Thode,* 190 Conn. 694, 697, 462 A.2d 4 (1983); *State* v. *Olds,* 171 Conn. 395, 402, 370 A.2d 969 (1976)." *State* v. *Beckenbach,* supra, 674; see also *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980). "It must be shown that the trial judge acted arbitrarily and substantially impaired defendant's ability to defend himself, before an appellate court will conclude that the trial judge abused his discretion. The test is a stringent one." *United States* v. *Ellenbogen,* 365 F.2d 982, 985 (2d Cir. 1966), cert. denied, 386 U.S. 923, 87 S. Ct. 892, 17 L. Ed. 2d 795 (1967). We do not hear this appeal de novo; the focus of our review is not the judgment of the trial court but the judgment of the Appellate Court. "The only questions that we need consider are those squarely raised by the petition for certification, and we will ordinarily consider these issues in the form in which they have been framed in the Appellate Court." *State* v. *Torrence,* 196 Conn. 430, 433, 493 A.2d 865 (1985).

In reviewing the trial court's denial of the continuance sought by the defendant, the Appellate Court was bound by the principle that "[e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *Ridgeway* v. *Ridgeway,* supra. The right of a defendant to have a continuance is not "absolute." *State* v. *Bethea,* 167 Conn. 80, 83, 355 A.2d 6 (1974). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be

found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."*Ungar* v. *Sarafite,* supra, 589; *State* v. *McKnight,* 191 Conn. 564, 576, 469 A.2d 397 (1983); *State* v. *Jeustiniano,* 172 Conn. 275, 285, 374 A.2d 209 (1977). The only reason propounded by Dubay for the continuance and presented to the trial court in this case was that the defendant's chosen counsel, Fazzano, was still engaged in a civil trial in Hartford.[4] No specific or even approximate date was given to the court as to when Fazzano might have been able to conduct the defendant's trial. The trial court, therefore, could reasonably have viewed the motion as seeking a continuance of unspecified duration. Dubay, a three-year associate with Fazzano's law firm, did not at any time claim that he was unfamiliar with the case, that he was unprepared to go forward with the trial, or that he was so lacking in expertise that he did not feel able to conduct the trial. The charges pending in this case were misdemeanors and the case was of "relative simplicity." *State* v. *Beckenbach,* supra, 676. Moreover, after the jury was selected on June 3, the case was continued by the court until June 8, which effectively allowed Dubay additional time in which to complete any preparation necessary to prepare an adequate defense. In addition, Dubay stated to the trial judge that the defendant has no "ax to grind with me personally, [but] would exercise [his] Constitutional choice

---

[4] Although neither party has raised Practice Book § 281 on this appeal (assuming arguendo that it applies to criminal as well as civil cases) it contains an applicable policy statement. Practice Book § 281 provides in relevant part: "Attorneys shall not enter or maintain appearances in cases in more than one place in the judicial district in which their principal office is located, or in any other judicial district unless they have trial counsel available to proceed in any case when reached.

"The fact that an attorney has a case assigned in a judicial district other than the one where his principal office is located shall not constitute a valid ground for the continuance of an action reached for trial in any place in which he has entered an appearance."

with regard to effective assistance of counsel and do[es] insist upon Joe Fazzano trying this matter."[5] On appeal to the Appellate Court, the defendant did "not claim lack of effective representation"; *State* v. *Beckenbach,* supra, 676; nor does the defendant claim lack of effective representation on this appeal. The only issue decided by the Appellate Court, i.e., whether there was abuse of discretion by the trial judge, presented a question of a nonconstitutional nature. Where the claim of error on appeal is nonconstitutional, the burden is on the appellant to show that the error was harmful. *State* v. *Randolph,* 190 Conn. 576, 588–89, 462 A.2d 1011 (1983).

---

[5] The defendant in this court, does not claim a constitutional right to his choice of counsel and we do not rule on this issue, but rather he maintains that the case presents, as the Appellate Court concluded, an abuse of discretion by the trial court. Although the United States Supreme Court has recognized that a criminal defendant "has a right to counsel of his or her own choosing, e.g. *Powell* v. *Alabama,* 287 U.S. 45, 53, 53 S. Ct. 55, 58, 77 L. Ed. 158 (1932), exercise of that right must at times give way to the need for a fair and efficient administration of justice." *United States* v. *Cicale,* 691 F.2d 95, 106 (2d Cir. 1982); see also *United States* v. *Gipson,* 693 F.2d 109 (10th Cir. 1982), cert. denied, 459 U.S. 1216, 103 S. Ct. 1218, 75 L. Ed. 2d 455 (1983); *State* v. *Rapuano,* 192 Conn. 228, 233 n.6, 471 A.2d 240 (1984) ("The right to counsel of one's own choice is by no means absolute"); 2 LaFave & Israel, Criminal Procedure § 11.4 (c); Lowenthal, "Successive Representation by Criminal Lawyers," 93 Yale L.J. 1, 53 (1983) ("[I]t is widely recognized that the defendant's right to the counsel of his choice is not absolute"). The Appellate Court stated that its holding was not inconsistent with *Morris* v. *Slappy,* 461 U.S. 1, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983), because the defendant in this case does not make a claim that he has a right to a meaningful attorney-client relationship as the defendant in *Morris* v. *Slappy* did. *State* v. *Beckenbach,* supra, 677. Rather, the Appellate Court ruled on the defendant's claim that was "based on abuse of discretion under all the circumstances of the case."

The United States Court of Appeals for the Second Circuit has had occasion to point out that "the concentration of business of this sort in the hands of a number of lawyers [active members of the New York City criminal defense bar] insufficient to meet the preferences of defendants able to retain counsel cannot be allowed to interfere with the public interest in 'disposition of criminal charges with all reasonable dispatch.' Statement of the Circuit Counsel to Accompany Second Circuit Rules Regarding Prompt Disposition of Criminal Cases. . . . The Sixth Amendment right to coun-

While there was no evidence that the defendant's attorney requested a continuance for purposes of delay or that the need for the continuance was attributable to the defendant himself, these "circumstances do not in themselves warrant a finding that the trial court abused its discretion." *State* v. *Myers,* 193 Conn. 457, 463, 479 A.2d 199 (1984). In *Commonwealth* v. *Festo,* 251 Mass. 275, 277–78, 146 N.E. 700 (1925), the Supreme Judicial Court of Massachusetts stated: "Unreasonable delay in the administration of justice can be avoided only by leaving continuances of cases because of conflicting engagements of counsel solely to the sound discretion of the court." See generally 112 A.L.R. 593.

While recognizing that each case turns on its own facts and circumstances and while recognizing that the defendant did not allege any "identifiable prejudice resulting from Dubay's representation," the Appellate Court nonetheless proceeded to presume prejudice: "[W]e cannot ignore the difference between being represented by a trial attorney of twenty-five years experience and being represented by one of three years experience in a case in which the defendant's liberty is at risk." *State* v. *Beckenbach,* supra, 676. In the absence of a claim of ineffective assistance of counsel, the youth of the trial attorney cannot furnish a basis for insisting on a continuance. *United States* v. *Cronic,* 466 U.S. 648, 665, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). "Every experienced criminal defense attorney

sel does not include the right to a lawyer whose other engagements prevent a speedy trial." *United States* v. *DiStefano,* 464 F.2d 845, 846 n.1 (2d Cir. 1972). The United States District Court for the Southern District of New York, in recognizing that "[t]he desirable goal that a defendant obtain counsel of his own selection must be balanced against the public interest in the expeditious handling of criminal cases," observed that "[w]itnesses, prospective jurors and prosecutors are entitled to reasonable stability in the scheduling of cases." *Walters* v. *United States,* 404 F. Sup. 996, 998 (S.D.N.Y. 1975), aff'd, 542 F.2d 1166 (2d Cir. 1976).

once tried his first criminal case. . . . The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation."Id.[6] The United States Supreme Court in *Morris* v. *Slappy,* 461 U.S. 1, 13, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983), held that the Ninth Circuit's conclusion that the sixth amendment right to counsel included the right to a meaningful attorney-client relationship "is without basis in the law." The question presented on appeal in *Morris* v. *Slappy* was whether it was error for the Court of Appeals to hold that the state trial court violated the respondent's sixth amendment right to counsel by denying the respondent's motion for a continuance until the deputy public defender initially assigned to defend him was available. *Morris* v. *Slappy,* supra, 3–4. The facts in *Morris* v. *Slappy* show that the substituted counsel was prepared to proceed with the trial on schedule and that the defendant "disavowed any dissatisfaction with counsel" but expressed a preference for his original public defender on the third day of trial. On the basis of the record, the court stated that the trial court was "abundantly justified" in denying the motion for a continuance because it was not timely and could have been a "ploy for delay." *Morris* v. *Slappy,* supra, 13. "In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance." Id., 12. While there is undoubtedly

---

[6] In *Cronic,* court-appointed counsel was young and inexperienced; it was his first jury trial, and his principal practice was in real estate. The defendant in *Cronic* was indicted on mail fraud charges stemming from a check kiting scheme involving the transfer of over $9,400,000 in checks. The court-appointed counsel was allowed only 25 days (although he had requested 30 days) for pretrial preparation. It had taken the federal government over four and one-half years to investigate the case. *United States* v. *Cronic,* 466 U.S. 648, 649, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

some difference in the experience of one who has practiced the law for a greater period of time than another, it is conceded that the attorney who did conduct the trial did so in a manner so as to provide an adequate defense for the defendant.[7] See *State* v. *Myers,* supra, 463–64. Moreover, the defendant was found not guilty of the charge of reckless driving and the lesser charge of speeding.

"Each case must depend largely upon its own facts and circumstances." *Magno* v. *Freeport,* 486 A.2d 137, 140 (Me. 1985) (where appellant's attorney engaged in trial elsewhere and no showing was made that the denial of the motion for continuance had any prejudicial effect and competent substitute counsel was present, then there was no abuse of discretion); *State* v. *Beckenbach,* supra, 675.

On the record before us, the Appellate Court was in error in concluding that the trial court abused its discretion in denying the continuance. The burden of demonstrating that the trial court erred as claimed was on the defendant, not the state, and it was error to hold that the defendant had met that burden.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to reinstate the judgment of the trial court.

In this opinion the other judges concurred.

---

[7] Dubay cross-examined the state's witnesses, located four defense witnesses, in addition to the two defendants, and called them to testify, researched and argued the most recent case law, successfully objected to irrelevant testimony, filed requests to charge, and argued for judgments of acquittal. See generally *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), for an extensive exploration of the standards to be used for, and the meaning of, the effective assistance of counsel.