[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION OF DEFENDANT SOROKIN SOROKIN TO PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT OF MAY 11, 1993
The defendant Sorokin Sorokin, P.C. ("Sorokin") has objected to the Plaintiff's Request to Amend Complaint of May 11, 1993. Sorokin objects to the proposed Amended Complaint on a number of grounds including the manner in which Sorokin is defined in the complaint, the complaint's lack of specific allegations of fraud, the named plaintiff's lack of standing, duplication in various counts and the failure of various counts to state a cause of action.
The courts of this state have been liberal in granting amendments. Johnson v. Toscano, 144 Conn. 582, 587,136 A.2d 341 (1957). The factors considered pertinent to allowing amendments are the length of delay, fairness to the opposing parties and the negligence of the party offering the amendment. Kelly v. Bonney, 221 Conn. 549, 606 A.2d 693 (1992).
Those factors generally do not even arise unless the proposed amendment is offered at a time when a case is at or near the trial stage. In the cases cited by Sorokin, Rose v. Messier, 1 Conn. App. 563, 565, 474 A.2d 100 (1984) and Lawson v. Gotfreid, 181 Conn. 214, 216, 435 A.2d 15 (1980), the trial court denied amendments to the complaint (Lawson) and the answer (Rose) at the commencement of the trial.
This case is not close to being reached for trial. Rather, it is virtually at the inception of the pre-trial pleading stage. The factors of avoidance of delay and unfair surprise to the opposing party present in Rose and Lawson are clearly not present here. CT Page 7554
The deficiencies in the Amended Complaint on which Sorokin bases its objection should be raised in a Request to Revise or a Motion to Strike.
For the foregoing reasons the Objection is overruled.
Aurigemma, J.