[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The plaintiff, Ann Falzetti, pursuant to General Statutes § 4-183, appeals the decision of the defendant, the Connecticut Examining Board for Barbers, Hairdressers and Cosmeticians ["Board"], revoking her Hairdresser and Cosmetician License. The Board, in revoking the license, acted pursuant to General Statutes §§ 20-263 and 19a-17.
At the hearing held on June, 28, 1995, the parties stipulated to aggrievement. They further agreed that the appeal was timely filed, accordingly aggrievement is found.
The appeal in substance and in part alleges the following:
 1. Since 1973, the plaintiff had been a holder of a Connecticut hairdresser's and cosmetician's license number 023228.
 2. On October 4, 1993, the Board held a hearing on charges brought against the plaintiff alleging in two counts that the Respondent violated General Statutes § 20-263 in that she falsely attested that she had never been convicted of a felony; and that she never abused or excessively used drugs, including alcohol, narcotics or chemicals.
 3. The hearing was held without the presence of the respondent, who had requested a continuance.
 4. On January 31, 1994, the Board issued its Memorandum of Decision through the Department of Public Health and Addiction Services finding that Ann Falzetti violated General Statutes §§ 19a-17 and 20-263, and thereby revoked the respondent's hairdresser and cosmetician license.
5. It is claimed that the Board's decision was erroneous CT Page 7750 for the following reasons:
 a. It violated the plaintiff's constitutional and statutory rights in that it failed to issue a decision within ninety (90) days as required by General Statutes § 4-180.
 b. It violated the plaintiff's rights in that she was denied an opportunity to be heard and a fair hearing wherein she had requested to be present and had requested a continuance in violation of state and federal laws;
 c. Its decision deprived the plaintiff of due process rights by removing her property rights to her license without a fair hearing and without the opportunity for discovery and disclosure;
 d. Its failure to reschedule the hearing was arbitrary and capricious;
 e. Its action, as a matter of law, erroneously determined that the plaintiff employed fraud or deception in obtaining a license and ignored the facts presented by the plaintiff in her answer and/or failed to adequately consider the plaintiff's defenses to said claims without further evidence from the plaintiff;
 f. Its action, as a matter of law, ignored reliable, probative and substantial evidence that the plaintiff had not abused or expressly used drugs and, further, its action failed to allow the plaintiff an opportunity to present evidence that she had not abused and/or excessively used drugs;
 g. It failed to consider the evidence that the plaintiff had rehabilitated herself; CT Page 7751
 h. It failed to ascertain whether the plaintiff's actions in completing the renewal application were intelligently, wilfully, knowingly and voluntarily made; and therefore constituted fraud;
 i. It ignored the evidence that the plaintiff was competent to serve as a hairdresser and/or cosmetician.
The Board argues that the record supports its action, that the legal conclusions resulted from a correct application of the law to the facts found and followed reasonably and logically from these facts, and that the plaintiff did not have a due process right to a continuance and the Board did not abuse its discretion when it denied the plaintiff's request for a continuance.
 II.
On September 21, 1993, the Department of Public health and Addiction Services moved the Board to summarily suspend the Respondent's Hairdresser and Cosmetician license, having served a copy of the motion on the Respondent. (ROR, 4.) The Amended Statement of Charges accompanying the motion alleged in two counts that the Respondent violated General Statutes § 20-263 in that (1) she falsely attested that she had not been convicted of a felony within the last year and (2) she excessively used drugs including alcohol, narcotics or chemicals. (ROR, 2-3.) The Respondent responded to these charges in an Answer dated September 29, 1993. (ROR, 151.) The court notes that the Notice of Charges adequately advised the plaintiff of the offenses which she was charged.
The Respondent was not present at the hearing. She left a message on the Board Liaison's answering machine the morning of the hearing, stating that she had car trouble and would therefore like a continuance. The Board felt that the reason for not appearing was vague, and therefore, insufficient to justify a postponement. (ROR, pp. 156-62.)
The Board made the following findings of fact:
 1. The Respondent is, and has been at all times referenced in the Statement of Charges, the holder of CT Page 7752 Connecticut hairdresser and cosmetician license number 023228. (ROR, p. 6.)
 2. The Respondent's licensure renewal card was received for renewal during May 1992 by the Licensure and Renewal Section of the Division of Medical Quality Assurance. (ROR, p. 7, 170-171.)
 3. The Respondent's renewal card asked "Within the last year have you been convicted of a felony or have you had any disciplinary action taken against you by a licensure authority in any state?" (ROR, p. 9.)
 4. The Respondent's response to this question is marked "No." The verification statement at the bottom of the card states "I have reviewed the information provided and requested on this card. I verify that it is accurate as provided and/or corrected." It is signed and dated: "Ann Falzetti 5/8/92." (ROR, pp. 9, 152.)
 5. On or about May 6, 1992, the Respondent pled guilty to one felony count Possession of Narcotics — Connecticut General Statutes § 21-279(a) and one misdemeanor. (ROR, pp. 12, 151.)
 6. On or about May 6, 1992, the Respondent was found guilty of possession of narcotics and possession of drug paraphernalia, violations of Connecticut General Statutes § 21a-279 (a) and § 21a-267. (ROR, pp. 8, 153.)
 7. On September 4, 1992, the Respondent entered an alcohol/drug treatment center as an alternative to incarceration, and was discharged before completing the program as the result of consuming alcohol. (ROR, 122, 176-78.)
(ROR, pp. 149-50.)
The Board found that the Respondent violated General Statutes § 20-263, and, acting pursuant to General Statutes §§ 20-263
and 19a-17, in that she falsely attested that she had not been convicted of a felony within the last year and that she was discharged from a treatment center before completing the CT Page 7753 program as a result of consuming alcohol. The Board found that the Department sustained its burden of proof as to the charges against the plaintiff. The Board revoked the Respondent's hairdresser and cosmetician license. (ROR, 149-50.)
 III.
The standards of review for administrative appeals are set forth in General Statutes § 4-183 (j) as follows:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeals and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
As to questions of fact and the credibility of witnesses, these are within the discretion of the administrative agency and the trial is not to substitute its judgment for that of the agency, Ottochian v. Freedom of Information,221 Conn. 393. Also, the court's function is not to retry the case.Griffin Hospital v. Commission on Hospitals and Health Care,200 Conn. 489. The court's duty is to determine whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. CT Page 7754
The Board's decision here is not void due to the failure to render a decision within ninety days. The plaintiff waived her right to object to the board's noncompliance with General Statutes § 4-180 (a) by not invoking the remedy provided in General Statutes § 4-180 (b). Jutkowitz v. Department ofHealth Services, 220 Conn. 86, 96, 596 A.2d 374 (1991). "[T]he failure to raise a procedural claim or the failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect." Id., 95.
 IV.
The plaintiff was given notice of a hearing and a hearing was scheduled for October 4, 1993. However, the plaintiff contends that it was unfair for the hearing officer not to continue the hearing because of the plaintiff's claimed inability to attend the hearing.
The notice of hearing is found in Volume I of the record. The notice is specific as to the date, time and place of the hearing. It also urges the plaintiff to the day before the hearing to verify the scheduling. The charges against the plaintiff were attached and it was indicated that she may be represented by an attorney.
The notice further states, "If you fail to appear at the hearing, upon proof that due notice was served upon you to appear, the Board may proceed in the same manner as though you were present in person."
The plaintiff claims that she called the Board on the day of the hearing and left a message on the answering machine that she was having car trouble ad [and] could not attend the proceedings.
The record shows that the Board did not receive the message until after the Board convened its meeting on October 4, 1993. The Board went forward with the hearing, concluding that the plaintiff's reason for not appearing was vague and did not justify a continuance.
The Board on appeal points out that the "Notice of Hearing" alerted the plaintiff that the Board could proceed with the hearing if she failed to attend. CT Page 7755
The defendant argues that the Board has broad discretion as to whether or not to grant a continuance. The plaintiff acknowledges that the standard of review for determining whether or not a denial of a request for a continuance is proper is the clear abuse of discretion test.
The case of In Re Cynthia A., 8 Conn. App. 656, addresses the issue of granting continuances. The Appellate Court states the following at page 663:
 A motion for continuance falls within the purview of the trial court's discretion which will not be upset absent a showing of clear abuse of that discretion. State v. Beckenbach, 198 Conn. 43, 47, 501 A.2d 752
(1985). "Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." Ridgeway v. Ridgeway, 180 Conn. 533, 538, 429 A.2d 801 (1980); Rose v. Messier, 1 Conn. App. 563, 565, 474 A.2d 100 (1984). The right to a continuance is not absolute and no mechanical tests come into play for determining whether the denial of a continuance violates due process standards. "`The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" State v. Beckenbach, supra, 47-48; State v. McKnight, 191 Conn. 564, 576, 469 A.2d 397
(1983); In re Juvenile Appeal (85-2), supra, 189.
The record supports the Board's failure to grant the plaintiff a continuance. The Board found that the plaintiff failed to provide an adequate reason for her request. The plaintiff has not established that the Board abused its discretion in not granting a continuance.
While it could be found that the conduct of the plaintiff in requesting a continuance via a message on an answering machine and not calling back to follow up was irresponsible, it can also be concluded that the action of the Board in proceeding with the hearing, although within its discretion, CT Page 7756 was harsh. This is so particularly in view of the severe determination of the Board to revoke the plaintiff's license.
It certainly would have been more humane of the Board to have bifurcated the hearing into a liability phase and a penalty phase. The record supports the finding of the charges against the plaintiff and the Board could have concluded so at the "first stage of the hearing" and then continued the proceedings, sending out a further notice as to the penalty phase, where hopefully the plaintiff would have been present.
The court is constrained to point out what it perceives to be a strict penalty by the Board in this case and while the court cannot and does not substitute its discretion for that of the Boards, it hopes that in future dealings with the plaintiff (presumably she will seek the reinstatement of her license) the Board will act in a more compassionate manner.
 V.
The plaintiff argues that on the issue of fraud, that there was insufficient evidence to establish that plaintiff engaged in fraud.
The Board found that the Department sustained its burden of proof as to the elements of false representation.
The plaintiff admitted in her answer to the charges (Record 151) that she pled guilty on May 6, 1992 to one count of possession of drug paraphernalia and possession of narcotics. However, the plaintiff claimed she did not know that the charges were a felony. The Board did not accept the plaintiff's explanation on that point and felt that ignorance of the law was no defense.
A review of the record satisfies the court that the concludes of the Board are appropriate, proper and reasonable in view of the entire evidence before her.
The court finds that the Board's factual findings are sufficient to support its conclusions.
The circumstances of this case support the Board's conclusion that the charges against the plaintiff were established. CT Page 7757
The plaintiff has not sustained her burden of proof that the Board's decision was erroneous.
Accordingly, the plaintiff's appeal is hereby dismissed.
ROBERT F. STENGEL, JUDGE, SUPERIOR COURT