[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: OBJECTION TO MOTION FOR PERMISSION TO AMEND ANSWER(FILE #113)
This case was filed March 6, 1997. The complaint alleges an unpaid balance of $122,163.96 due and owing for materials (valves, pipes, tubes, fittings, etc.) sold and delivered by plaintiff to defendant on an open account. On July 9, 1997, defendant filed an answer denying the allegations of the complaint, and reserving the right to file special defenses and a cross-complaint upon the completion of discovery. Following depositions, defendant, on January 27, 1998, moved for permission to amend its answer to allege a set-off of $19,230 and, a counter-claim predicated upon CUTPA, General Statutes Section 42-110(a),et seq. A hearing was held on this objection to the amendment, at which time plaintiff withdrew the objection as to the alleged set-off; however, plaintiff objects strenuously to the addition of the CUTPA counterclaim, principally on the basis of timeliness, delay, and prejudice ensuing therefrom.
Amendments to pleadings are allowed and governed by General CT Page 6185 Statutes Section 52-130 and Practice Book Section 10-60 (formerly Section 176). Connecticut courts have pursued a liberal policy in allowing amendments. Johnson v. Toscano, 144 Conn. 582, 587
(1957). "`While our courts have been liberal in permitting amendments . . .this liberality has limitations. Amendments should be made seasonably.'" Connecticut National Bank v. Voog,233 Conn. 352, 364 (1995). The factors to be considered are: the length of delay; fairness to the opposing parties; and the negligence, if any, of the party seeking to amend. ConnecticutNational Bank v. Voog, supra; Cummings v. General MotorsCorporation, 146 Conn. 443, 449-50 (1959); Coburn v. Ordner,
CV-93-0306715, Fairfield Judicial District (Maiocco, J., November 3, 1995)
On the issue of delay, plaintiff cites a number of cases, all of which involve a significantly greater passage of time than that involved in this case. In Johnson v. Toscano, supra, the amendment was sought some eight years after the suit was brought, and two years after the case was pretried. In Freccia v. Martin,163 Conn. 160 (1972), the motion to amend the answer to add a counterclaim was brought approximately five years after the pleadings had been closed. And, in the following cases the amendments were sought (and denied) at time of trial: Antonofskyv. Goldberg, 144 Conn. 594 (1957) and Capital RestorationsCorporation v. Construction Services of Bristol. Inc.,25 Conn. App. 681 (1991). The court in Cummings v. General MotorsCorporation, supra, allowed an amendment at the time of trial. InRose v. Messier, 1 Conn. App. 563 (1984), a foreclosure action, the motion to amend by adding a counterclaim was denied, but the case had been pending over two years and the "time of trial was imminent." In Citizens National Bank v. Hubrey, 182 Conn. 310
(1980), the request to amend alleging a set-off was filed over two years after the filing of the complaint.
Although pretrials had been scheduled in this case after the pleadings had been certified as closed (by plaintiff, on July 28, 1997) it does not appear that the case was ever actually pretried prior to the 1/26/98 motion for permission to amend. Plaintiff cites Doyle v. A P Realty Corporation, 36 Conn. Sup. 126
(1980), denying a motion to amend an answer where that motion was filed more than five months after the pretrial hearing; the instant case has not been pretried, and additionally, the opinion in Doyle cites Wesson v. F.M. Heritage Co., 174 Conn. 236 (1978), where no attempt was made to amend the complaint until two years
had elapsed following the pretrial. In Cook v. Lawler,139 Conn. 68 (1952), the requested amendment adding special defenses was CT Page 6186 filed after the case had been pending about one and one-half years, but two months before the case was actually reached for trial, and if granted might have constituted a complete defense; the court there found that "the harm done to the defendant by the denial of the motion far outweighed any possible inconvenience to the plaintiff or delay resulting from the granting of it." Id. at p. 73.
As plaintiff's counsel has stated, the allowing of this counterclaim will unquestionably occasion significant delay in the advancing of this case, all to the economic prejudice or disadvantage of the plaintiff/creditor. However, the claim is a substantial one; the case, while not a recent filing, is not one involving a delay to date at all comparable to the delays in the cited cases; there is not a basis, on the limited information, for concluding that defendant's CUTPA claim is groundless, frivolous and intended only as a delay mechanism; and, while the reality of economic prejudice is not to be minimized, the desirability of having both parties obtain a complete airing of their respective claims is paramount.
I am unable to conclude that defendant has been negligent in not filing the request to amend at an earlier stage in this litigation. In a number of filed pleadings, defendant referred to the complexity of the ongoing transaction of the parties and the need to ascertain additional, germane facts through discovery. At oral argument, it was represented that depositions had been taken and information developed relative to the proposed counterclaim.
Plaintiff contends that the defendant's CUTPA claim is separate and distinct, and can be asserted in an independent, subsequent action. However, the counterclaim stems from the same facts forming the basis for the complaint. Here, the factual grounds for defendant's asserted counterclaim arise from the same transaction that is the subject of plaintiff's complaint, and thus, litigation of the counterclaim is relevant to plaintiff's demand. Connecticut National Bank v. Voog, 233 Conn. supra p. 367-69. As stated by defendant, the assertion of the counterclaim through a separate action would quite likely result in consolidation for trial, since the two claims would involve the identical parties and arise from the same transaction or series of transactions.
Plaintiff's objection (#113) to defendant's motion for permission to amend its answer is overruled.
CT Page 6187
Mulcahy, J.