[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, a member of the Connecticut Bar, appeals pursuant to Practice Book § 2-38 from a decision of the Statewide Grievance Committee (Committee) reprimanding her for a violation of Rule 8.2(a)[1] and 8.4(d)[2] of the Rules of Professional Conduct.
The Committee found that the plaintiff made statements about the integrity of judges of the Superior Court which she knew were false or made with reckless disregard for their truth or falsity.
The plaintiff complained by letter of December 12, 1995, to the Chief Justice of the Connecticut Supreme Court about the conduct of three judges of the Superior Court. (Return of Record (ROR), Item 1, pp. 5-6.) Two of the judges referenced in the letter complained to the Committee by letters of June 11, 1996, and June 20, 1996. (ROR, Item 1, pp. 3-4, 34-35.) The Fairfield Judicial District Grievance Committee on July 8, 1996, filed a complaint against the plaintiff (ROR, Item 1, p. 1); which, pursuant to Practice Book § 2-32, was referred to the Stamford-Norwalk Judicial District Grievance Panel on July 9, 1996, CT Page 10930 for a determination of whether there was probable cause that the plaintiff had engaged in misconduct. (ROR, Item 2.) The plaintiff responded to the grievance complaint with written responses on July 17, 1996, August 19, 1996, September 4, 1996, and September 11, 1996. (ROR, Items 5, 6, 8, 9.) The panel found probable cause that the plaintiff had violated Rules 8.2(a), 8.4(3) and 8.4(4) of the Rules of Professional Conduct. (ROR, Item 10.)
Pursuant to Practice Book § 2-35, the grievance was assigned to a reviewing committee of the Statewide Grievance Committee. (ROR, Item 11.) A hearing was scheduled for 2:30 p. m., February 5, 1997. Notice of such hearing was sent to the plaintiff on January 2, 1997, advising her:
 You are expected to appear at the hearing at the time and date set forth above. A request for an alternative date or time will only be considered if received in writing within seven days of the date of this letter. Said request will be granted only under extreme circumstances.
 In the event that a party does not appear, the hearing will be held and a determination will be made on the evidence presented at the hearing and the record of the grievance panel.
(ROR, Item 11.)
The plaintiff failed to appear at the hearing, and did not submit a written request for a continuance. In the week prior to February 5, 1997, the plaintiff left a voice mail message requesting a continuance but referencing an incorrect hearing date. The plaintiff was notified by telephone of the correct hearing date. The Committee was advised, on the date of the hearing, that the plaintiff was participating as an attorney in a jury trial. The Committee proceeded with the hearing.
The plaintiff on February 7, 1997, requested that the Committee reopen the hearing. (ROR, Item 13.) This request was denied by the Committee on March 5, 1997. (ROR, Item 16.) The Committee rendered a proposed decision finding by clear and convincing evidence that the plaintiff violated Rules 8.2(a) and 8.4(4), and recommending that the plaintiff CT Page 10931 be reprimanded. (ROR, Item 18.) The plaintiff was afforded an opportunity to comment on the proposed decision before the Committee acted on it, and did so by letters dated August 11, 1997, and August 12, 1997. (ROR, Items 24, 25.) The Committee on August 21, 1997 adopted the proposed decision and reprimanded the plaintiff. (ROR, Item 26.)
The plaintiff brought this appeal on September 5, 1997. The record was filed on September 23, 1997. Briefs were filed by the plaintiff on February 6, 1998 and April 23, 1998, the defendant on March 4, 1998 and April 28, 1998. The court heard the oral arguments of the parties on July 30, 1998.
In the course of these proceedings, the plaintiff has twice filed motions to disqualify the undersigned judicial authority. The first motion, dated February 6, 1998, failed to include the requisite affidavit and good faith certification. See Practice Book § 1-23.[3] The motion was denied at a hearing on April 13, 1998.[4] The plaintiff was advised by notice of June 4, 1998, that this appeal would be heard on the merits on July 30, 1998, at 10:00 a.m. Despite such notice and the Court's admonition on April 13, 1998, that her motion to disqualify must conform to § 1-23, the plaintiff again filed a motion to disqualify that did not conform to Practice Book § 1-23. This motion not only lacked the affidavit and good cause certificate, but was untimely, having been filed in court at the hearing on July 30, 1998. The motion is devoid of any factual assertion, merely alleging in ¶ 2: "By his conduct, Judge McWeeny has created the appearance that he is not an impartial judge in the matter."
Recently, in Norse Systems, Inc. v. Tingley Systems,Inc., 49 Conn. App. 582, 588 (July 28, 1998), the court held:
 "A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial or hearing, unless good CT Page 10932 cause is shown for failure to file within such time." Practice Book § 997, now Practice Book (1998 Rev.) § 1-23. "This provision creates a mandatory procedure to be followed by any party seeking to recuse a judge. See State v. Cook, 183 Conn. 520, 521-23, 441 A.2d 41 (1981)." State v. Weber, 6 Conn. App. 407, 412, 505 A.2d 1266, cert. denied, 199 Conn. 810, 508 A.2d 771 (1986). "`It is axiomatic that the burden of establishing a record that a judicial impropriety has occurred which demonstrates or gives the appearance of bias or partiality so as to require recusal rests with the party who claims the occurrence of such an impropriety.' State v. Santangelo, 205 Conn. 578, 584, 534 A.2d 1175 (1987)." State v. Teel, 42 Conn. App. 500, 506, 681 A.2d 974, cert. denied, 239 Conn. 921, 682 A.2d 1012 (1996).
The plaintiff failed to show good cause for her delay in filing the motion to disqualify. She was sent notice of the hearing date and her oral claim made at the hearing relates to an alleged telephone conversation occurring on April 13, 1998. The absence of an affidavit, certificate of good cause, as well as the untimely filing of the motion denied the court an adequate opportunity to evaluate the plaintiff's allegations,[5] and, if necessary, refer the motion to another judge for hearing prior to the scheduled date of the hearing on the merits. The plaintiff has given no reason why she could not follow the requirements of Practice Book § 1-23 in filing her motion. The court will not recuse itself on the basis of an eleventh-hour motion that does not comply with Practice Book § 1-23 and contains only a vague, conclusory allegation that the judicial authority is not impartial.
The Uniform Administrative Procedure Act (UAPA § 4-166, et seq.) does not apply to the Committee, but the same principles as to the scope of judicial review are applicable. Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234 (1990). In reviewing the decision of the Committee, the trial court does not take on the function of a factfinder. "Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence and whether the conclusions are legally and logically correct." Weiss v. Statewide Grievance Committee, CT Page 10933227 Conn. 802, 812 (1993). Pursuant to Practice Book § 2-35
the appeal shall be conducted by the court without a jury and is confined to the record.
The plaintiff in a general fashion challenges the decision on three basic grounds: 1) constitutional due process grounds for proceeding in her absence, and not reopening the hearing, 2) constitutional first amendment grounds and a privilege claim relating to a General Statutes § 51-51j, and 3) a challenge to the evidentiary basis of the decision.
The plaintiff cites no authority for her claim of entitlement to a continuance. Such a right has not been recognized. State v. Bethea, 167 Conn. 80, 83 (1979); Statev. Beckenbach, 198 Conn. 43, 47-48 (1985). A request for continuance is addressed to the discretion of the tribunal and there is no mechanical test for determining whether the denial of a continuance constitutes an abuse of such discretion. Statewide Grievance Committee v. Freidland,222 Conn. 131, 142 (1992). The issue is determined by the particular circumstances of each case, with special attention given to the situation at the time the request was denied. Ridgeway v. Ridgeway, 180 Conn. 533, 539 (1980).
Here, the plaintiff was explicitly notified by letter of January 2, 1997, of a February 5, 1997, 2:30 p. m. hearing. (ROR, Item 11.) The notice advised her that she was "expected to appear at the hearing," "request for an alternative date or time will only be considered if received in writing within seven days," "such request will be granted only under extreme circumstances," and that the hearing would proceed even if a party failed to appear. (ROR, Item 11.)
The plaintiff's claim, at oral argument, is that she had been on trial for a month and was in closing argument on the afternoon of February 5, 1998.[6] If this were the case, then she could have filed a timely written request for a continuance. Ordinarily, participation as an attorney in a jury trial would have constituted grounds for a continuance of an administrative proceeding. Unfortunately, the plaintiff neglected to request a continuance in a timely fashion, or make any written request for a continuance. The only action undertaken by the plaintiff was to leave a CT Page 10934 message during the week prior to the week of the hearing, "requesting a continuance but referencing a day during that week which was not the one scheduled for the hearing." (ROR, Item 12, February 5, 1997 hearing transcript, p. 1, statements of Attorney Christopher Blanchard.) The plaintiff was then left a message indicating the correct date for the hearing.[7] (ROR, Item 12, February 5, 1997 transcript, p. 2.)
The Committee proceeded with the hearing. The plaintiff by letter of February 7, 1997, (ROR, Item 13) requested that the Committee reopen the hearing and continue it to a date by which she would have received the transcript. The counsel to the Fairfield Grievance Panel did not object to reopening the hearing to allow the plaintiff to testify. (ROR, Item 15.) The Committee denied the plaintiff's request to open the hearing. (ROR, Item 16.) The Committee issued a proposed decision on June 9, 1997, allowing the parties fourteen days to submit statements on the proposed decision. (ROR, Item 18.) Judges Mihalakos and Moraghan responded with letters of June 12 and 13, 1997. (ROR, Items 19, 20.) The plaintiff was afforded additional time until August 11, 1997 to respond. (ROR, Item 23.) The plaintiff responded on August 11 and August 12, 1997. (ROR, Items 24, 25.)
The plaintiff in her letters of February 7, June 26, 1997, August 11 and August 12, 1997, failed to offer any explanation for her failure to request a continuance in writing within seven days of the January 2, 1997 notice. (ROR, Items 13, 22, 24, 25.) There is also no comment in any way contradicting Attorney Blanchard's description of the exchange of telephone messages preceding the February 5, 1997 hearing. It is not disputed that the plaintiff was participating in a jury trial on February 5, 1997; or that she had been participating in the trial for a significant period of time prior to February 5, 1997. There is no indication that she sought permission of the trial court to participate in the grievance hearing on the afternoon of February 5, 1997. There is no explanation of her failure to comply with the Committee's rule that requests for continuances be in writing. The plaintiff, in response to her telephone request for a continuance regarding a hearing on an incorrect date, was left a telephone message advising her of the correct date for the hearing. The record CT Page 10935 contains no evidence that the plaintiff contacted the Committee in any fashion after being telephonically notified of the correct hearing date.
The Rules of Practice set forth an expeditious time frame for the processing of attorney grievances, § 2-35. The Fairfield Grievance Panel had by October 8, 1996, determined probable cause that the plaintiff had engaged in misconduct pursuant to § 2-35(e). The Committee should have rendered a written decision within ninety days. Thus, the Committee was already in excess of the time standard on February 5, 1997. The Grievance Panel did not oppose allowing the plaintiff to testify at a reopened hearing, but apparently the plaintiff wished to recall the earlier witness. (See Return of Record, Item 25, p. 1, para 2: "Mr. Ferrio objected to any continuance for the purpose of cross examination of the complaining witnesses.").
The plaintiff ignored the Committee's somewhat stringent, but not unreasonable, rules regarding continuances. She provided no written request for a continuance, and not even an oral request addressed to the correct date. No explanation was ever offered for her inability to comply with the continuance rules.
As noted above, the decision on a continuance is of a discretionary nature. State v. Beckenbach, supra,198 Conn. 47; State v. Jurgenson, 42 Conn. App. 751, 759 (1996). The Committee did not abuse that discretion in failing to grant a continuance based upon an oral request for continuance directed to an incorrect date. The Committee further did not abuse its discretion in declining to reopen the hearing based upon the plaintiff's unavailability on the scheduled hearing date when the plaintiff had failed to properly request a continuance prior to that hearing date.
The plaintiff claims a violation of constitutional rights to due process of law in the Committee's decision to proceed in her absence. Due process requires that a party adversely affected by government action be afforded an opportunity to be heard. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 502 (1986); Murphyv. Berlin Board of Education, 167 Conn. 368, 374 (1974);Hart Twin Volvo Corp. v. Commissioner of Motor Vehicles,165 Conn. 42, 44-46 (1973). CT Page 10936
In Rogers v. Commission on Human Rights Opportunities, 195 Conn. 593, 548 (1985), the court held:
 The plaintiff's own inaction in response to actual notice cannot be made the basis of a claim, that he was not afforded due process. As the United States Supreme Court recently explained, there is no absolute due process right that "entitles every civil litigant to a hearing on the merits in every case. . . . And the State certainly accords due process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule."
(Citations omitted; internal quotation marks omitted.) As noted in Al-Charles, Inc. v. Heintz, 620 F. Sup. 327, 331
(D. Conn. 1985), "[t]he law of the Second Circuit, and of this district in particular, is clear that if a plaintiff chooses not to take part in a state provided administrative and judicial review procedure whose purpose is to afford him due process, he cannot later claim he was denied due process by the state." Clearly, "[t]he availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure." Dusanek v. Hannon, 677 F.2d 538, 542-43 (7th Cir. 1982), cert. denied, 459 U.S. 1017, 103 S.Ct. 379,74 L.Ed.2d 512 (1982).
The Committee's reasonable rules did not deprive the plaintiff of due process of law. The plaintiff's unexplained failure to properly request a continuance caused her to lose her opportunity to directly participate in the hearing afforded her.
The plaintiff's First Amendment claims[8] have been rejected in a number of cases arising from the application of similar rules in other states. See Matter of Palmisano,70 F.3d 483, 487 (7th Cir. 1995). "False statements, made with reckless disregard of the truth, do not enjoy constitutional protection." (Citations omitted; internal quotation marks omitted.) Id.; see In re Howard,912 S.W.2d 61, 63 (Mo., 1995); see Idaho State Bar v. Topp,925 P.2d 1113, 1116 (Idaho, 1996), cert. denied, ___ U.S. ___, CT Page 10937117 S.Ct. 1334, 137 L.Ed.2d 493 (1997).
The courts of other states have adopted the objective standard used by the Committee in this case. In UnitedStates District Court v. Sandlin, 12 F.3d 861 (9th Cir. 1993) the court held that the objective standard should be applied in cases involving comparable provisions of other states' Rules of Professional Conduct. This test was also applied in the following cases: In re Petition forDisciplinary Action Against Graham, 453 N.W.2d 313 (Minn., 1990), cert. denied, sub nom Graham v. Weraz, 498 U.S. 820,111 S.Ct. 67, 112 L.Ed.2d 41 (1990); In the Matter ofWestfall, 808 S.W.2d 829 (Mo. 1991), cert. denied,502 U.S. 1009, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991); In the Matterof Holtzman, 573 N.Y.S.2d 39 (Ct.App.N.Y. 1991); see alsoStanding Committee v. Yagman, 55 F.3d 1430 (9th Cir. 1995).
These cases establish that a lawyer may not impugn the integrity of judges without a reasonable basis to do so.[9]
The plaintiff was not burdened with the task of disproving the grievance, but rather with offering some evidence substantiating her claims. The absence of a reasonable factual basis for the charges demonstrates the reckless disregard for the truth. See In re Whiteside,386 F.2d 805, 806 (2d Cir. 1967), cert. denied, 391 U.S. 920
(1968), reh. denied, 393 U.S. 898 (1968); In the Matter ofGarringer, 626 N.E.2d 809, 812 (Indiana 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 93, 130 L.Ed.2d 44 (1994).
The plaintiff appears to advocate a system in which she can make any charges she wishes without providing any substantiation of such charges, and it is up to the accused to prove that her charges are untrue.
The plaintiff's challenge to the evidentiary basis of the decision is determined pursuant to the substantial evidence rule.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute CT Page 10938 its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations omitted; internal quotation marks omitted.)Dolgner v. Alander, 237 Conn. 272, 280 (1996). "An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations omitted; internal quotation marks omitted; footnote omitted.) Dolgner v. Alander, supra,237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations omitted; internal quotation marks omitted.) Id.
Concerning the charges against Judge Moraghan, the Committee heard the testimonial evidence of Judge Moraghan. The plaintiff's letter of December 12, 1995, alleged that "Judge Moraghan rendered a clearly erroneous decision to go to the financial rescue of a party to litigation, which party was known to him personally as a friend." (ROR, Item 1, p. 5.) The Committee found that the Appellate Court denied certification to appeal Judge Moraghan's decision, which the plaintiff had claimed was "clearly erroneous." The Committee found that the plaintiff's grievance filed against Judge Moraghan had been dismissed. When given the opportunity to comment on the proposed decision the plaintiff produced nothing to refute these findings. The Committee certainly had substantial evidence that the plaintiff's allegations were false and/or made with reckless disregard for their truth or falsity.
The allegation against Judge Stodolink is on its face wildly speculative and without a scintilla of factual support that would suggest the judge's responsibility for the jury array. The plaintiff in her comments on the proposed decision was unable to offer any support for this charge. CT Page 10939
The claim against Judge Mihalakos is refuted by the transcript of the proceeding before him on September 14, 1994. (ROR, Item 1, transcript of pretrial.) A review of this transcript shows that an appropriate pretrial proceeding was held. The transcript of the pretrial does not support the plaintiff's tortured construction of that event.
The decision of the Committee is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.