# LITTLE RIVER, LLC *v.* RICHARD ZAJICEK ET AL.
## (AC 18057)

Landau, Spear and Cretella, Js.

Argued February 19—officially released June 29, 1999

*Alexander Scheirer*, for the appellant (named defendant).

*David F. Sherwood*, for the appellee (plaintiff).

*Opinion*

SPEAR, J. The named defendant, Richard Zajicek, appeals from the trial court's denial of his motion to open the judgment of partition by sale.

The plaintiff, the owner of a one-fourth interest in certain real property, filed a partition action against the other three owners, Richard Zajicek, Donald R. Zajicek and Douglas C. Zajicek. The plaintiff subsequently acquired the interests of Donald R. Zajicek and Douglas C. Zajicek and proceeded with the partition action against Richard Zajicek (Zajicek), the owner of the remaining one-quarter interest.

On July 12, 1996, Zajicek filed a pro se appearance. On the same day, Attorney James Altham, Jr., also filed an appearance on behalf of Zajicek. The matter was scheduled for trial on December 3, 1997. Sometime in late November, 1997, Zajicek retained Attorney Alexander Scheirer to represent him in lieu of Altham. On November 25, 1997, Scheirer sent via facsimile a letter to Judge Berger requesting a continuance. Scheirer claimed that he was on a trial before another judge in New Haven and was scheduled to begin another trial on December 8, 1997, in New Haven. The facsimile was forwarded to Judge Berger along with a note from the clerk that no appearance had been filed by Scheirer. Because there was no appearance in the file, Judge Berger concluded that he could not honor the request.

On December 1, 1997, Scheirer again requested a continuance because (1) he was involved in a trial

before another judge, (2) he was scheduled for oral argument before this court on December 3, 1997, (3) he was scheduled to begin another trial on December 8, 1997, and (4) his law partner, also his wife, was unable to appear in his place because her mother was suffering from a terminal disease and was expected to pass away at any moment. Scheirer also filed an appearance on December 2, 1997. That same day, Scheirer sent via facsimile another letter to Judge Berger indicating that his mother-in-law had passed away and that he would be unavailable for trial. Judge Berger denied all the requests for a continuance and stated that the trial would proceed.

The following day, the trial commenced before Judge Lavine. Zajicek was present. Judge Lavine proceeded to lay out the events of the preceding days on the record. He indicated that all requests for a continuance filed by Scheirer had been decided by Judge Berger and that no requests were pending before him. Zajicek indicated that he was very upset that the matter would not be continued for a few days, but that he was willing to proceed. Following the trial, the court rendered a judgment of partition by sale and ordered 75 percent of the net proceeds to be distributed to the plaintiff and the remaining 25 percent to Zajicek.

On December 22, 1997, Scheirer filed a motion to open the judgment that was denied. This appeal followed.

Zajicek claims that by denying his counsel's requests for a continuance the trial court compelled him to appear pro se and effectively deprived him of his right to legal representation. We disagree.

Both Zajicek's motion to open the judgment and his request for a continuance were addressed to the trial court's discretion, and on review we must determine

whether the trial court abused its discretion.[1] We focus on the trial court's denial of Zajicek's request for a continuance because that denial is the basis for his claim that the trial court improperly denied his motion to open the judgment.

"A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 538, 429 A.2d 801 (1980); *State* v. *Beckenbach*, [198 Conn. 43, 47, 501 A.2d 752 (1985)]. *State* v. *Hamilton*, 228 Conn. 234, 239–40, 636 A.2d 760 (1994). When determining whether a new trial is required as the result of a trial court's denial of a request for a continuance, we first must determine whether the trial court's decision denying the request for a continuance was arbitrary or unreason-abl[e]. Id., 240–42. This determination must be made on a case-by-case basis, with particular reference to the circumstances presented to and known by the trial court at the time of its ruling. Id., 240. There are no mechanical tests for deciding when a denial of a contin-uance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Internal quotation marks omitted.) *State* v. *Brown*, 242 Conn. 445, 451–52, 700 A.2d 1089 (1997).

Practice Book § 14-25 provides in relevant part: "(b) Attorneys shall not enter or maintain appearances in

---

[1] "Our standard of review of a trial court's denial of a motion to open is well settled. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Alix* v. *Leech*, 45 Conn. App. 1, 4, 692 A.2d 1309 (1997). "The determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." (Internal quotation marks omitted.) *State* v. *Brown*, 242 Conn. 445, 451, 700 A.2d 1089 (1997).

cases in more than one place in the judicial district in which their principal office is located, or in any other judicial district unless they have trial counsel available to proceed in any case when reached." Despite that rule and a trial schedule that precluded his availability until some uncertain time in the future, and despite knowing that his wife was also unavailable for trial, Attorney Scheirer decided to risk filing an appearance approximately one week[2] before the known trial date in this case in the hope that the court would grant a continuance. Zajicek now seeks to transform that failed gamble into an abuse of discretion by the trial court. Given the circumstances here and the plain language of the rules of practice, we cannot conclude that the trial court abused its discretion in denying the requests for continuances on the basis of scheduling conflicts with other trials.[3]

We must also briefly address the unfortunate circumstance of the death of Attorney Scheirer's mother-in-law. Although at first blush it might appear that a continuance was warranted, the facts dictate otherwise. Undoubtedly, the trial court sympathized with Attorney Scheirer, but it is clear that his mother-in-law's death had nothing to do with his unavailability for trial on December 3, 1997. As we have already discussed, other trial commitments, of which he was fully aware prior to filing his appearance, precluded him from appearing at trial in this case.

Zajicek's remaining claim that he was denied legal representation and, therefore, was compelled to appear pro se is without merit. The trial court's actions could not have compelled Zajicek to appear pro se because

---

[2] Attorney Scheirer claimed that an appearance was filed with his request for a continuance on November 25, 1997.

[3] Attorney Scheirer's office was located in the New Haven judicial district, and the trial that is the subject of this appeal took place in the judicial district of Hartford-New Britain at Hartford.

the record reveals that Zajicek filed a pro se appearance almost six months prior to trial. Moreover, Zajicek indicated to the trial court that he was willing to proceed in the absence of Scheirer. On the basis of these facts, we conclude that the trial court did not abuse its discretion in denying Zajicek's motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.