In the Matter of Jack R. WOOD.

No. 385S74.

Supreme Court of Indiana.

March 20, 1986.

Kevin P. McGoff, Greenfield, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Com.

PER CURIAM.

This proceeding is now before the Court on a two-count amended complaint charging the Respondent, Jack R. Wood, with professional misconduct. In accordance with the procedures set forth in Admission and Discipline Rule 23, an appointed Hearing Officer has conducted a hearing on the allegations set forth under this complaint and has tendered to this Court his findings of fact and conclusion of law. Respondent petitions for review of these findings. Both parties have filed briefs in support of their respective arguments.

In the amended complaint, under Count I, Respondent is charged with engaging in illegal conduct involving moral turpitude, in violation of Disciplinary Rule 1–102(A)(3); with engaging in conduct prejudicial to the administration of justice, in violation of Disciplinary Rule 1–102(A)(5); with engaging in conduct which adversely reflects on his fitness to practice law, in violation of Disciplinary Rule 1–102(A)(6); and with engaging in a conflict of interest, in violation of Disciplinary Rule 5–101(A) of the *Code of Professional Responsibility for Attorneys at Law.* Under Count II of this complaint, by reason of his alleged activities with another individual, Respondent is charged with violating the same disciplinary rules.

In his petition for review, Respondent alleges error in the admission of evidence, asserts that the findings of fact are not supported by credible evidence, argues that the conclusions of law are erroneous, and challenges the applicability of certain criminal statutory definitions to disciplinary proceedings.

The assertions of error as to the findings of fact are resolved through this Court's review of all matters presented and our ultimate determination of facts. As we have previously noted, even though the Hearing Officer's tendered findings are not controlling, such findings are significant in that the Hearing Officer does have an opportunity to observe the witnesses, absorb the nuances of unspoken communication and, by this observation, attach credibility to the testimony. *In re Murray* (1977), 266 Ind. 221, 362 N.E.2d 128; *In re McDaniel* (1984), Ind., 470 N.E.2d 1327.

In light of the above considerations we have reviewed the matters presented under this cause and find that the Respondent is an attorney practicing in Shelbyville, Indi-

ana and is, thus, subject to our disciplinary authority. Under Count I, we find that on or about October 28, 1983, the Respondent was employed by a woman to represent a defendant other than this woman charged with three counts of theft and burglary. The agreed fee was seven hundred fifty dollars ($750.00); Respondent was paid two twenty-five dollar payments towards this fee. Shortly thereafter, in the first part of November, 1983, Respondent was advised by this person that she could not make any further payments in that she was unable to find employment. Respondent advised her that he was aware of someone who was "looking for girls" and asked her to remove her clothes and pose nude; she complied.

Later in the month of November, 1983, Respondent called this person to his office and discussed the pending criminal case and inquired as to further payments. Respondent informed her that he would reduce his fee if she engaged in oral sex; she engaged in this act with the Respondent in his office. This conduct was repeated on at least two more occasions before December 15, 1983.

Under Count II, this Court finds that in early November, 1983, the niece of the above-noted woman accompanied her to Respondent's office to discuss potential employment which might satisfy the legal fees. Respondent, who was aware that the niece was under eighteen years of age, advised her that he was aware of someone who was "looking for girls" and requested her to pose nude; she complied.

In mid-November, 1983, Respondent asked the niece to come to his office in the evening. When she arrived, Respondent and another person were present. A telephone call was placed to "Naked City" and arrangements were made for employment. Several days later, the niece went to "Naked City" where she was employed to participate in the making of pornographic pictures and movies. On December 15, 1983, the niece left "Naked City" when she became frightned by the increasingly violent nature of these movies. Within two days after her return home, Respondent called the niece into his office and requested to see the pictures taken at "Naked City". Respondent asked the niece to make a payment toward the legal fees owed from her earnings and then offered to reduce his fee in exchange for oral sex. The niece performed oral sex with the Respondent in his office.

In his petition for review, Respondent raises two objections to the inclusion of evidence. He objects to consideration of Respondent's past misconduct and consideration of a tape recording made during a visit to Respondent's office by the woman noted above in Count I on a date other than the dates included in our findings.

Respondent previously has been disciplined by this Court for misconduct involving the exchange of legal services for sexual favors. *In re Wood* (1976), 265 Ind. 616, 358 N.E.2d 128. Upon review of this prior case, it is clear that his past misconduct was very closely related to the conduct in this case and was of sufficient probative value to warrant consideration as evidence of a common plan or scheme. Additionally, in that we have not considered the taped conversation, we likewise find this assertion of error to be without merit.

The remaining assertions of error raised by Respondent relate to the application of the above described facts to our disciplinary rules. We have considered the arguments presented by Respondent in reaching our conclusions.

With the above-noted considerations in mind, this Court now concludes, under Count I, that by knowingly and intentionally offering to reduce a legal fee in exchange for sexual intercourse or deviate sexual conduct, the Respondent engaged in illegal conduct involving moral turpitude. Additionally, Respondent's conduct, as found under Count I, was prejudicial to the administration of justice, adversely reflected on his fitness to practice law and constituted employment when the exercise of professional judgment on behalf of a client would be affected by personal interests. Accordingly, this Court now finds

that, as charged under Count I of the complaint filed in this cause, Respondent violated Disciplinary Rules 1–102(A)(4), (5) and (6) and 5–101(A) of the *Code of Professional Responsibility.*

Under Count II of the complaint, we now conclude that by knowingly and intentionally offering to reduce a legal fee in exchange for sexual intercourse or deviate sexual conduct, Respondent engaged in illegal conduct involving moral turpitude. As under Count I, this Court further concludes that Respondent engaged in conduct prejudicial to the administration of justice, conduct which adversely reflects on his fitness to practice law and conduct in which professional judgment would be affected by personal interest. Accordingly, we now find that Respondent, as charged under Count II of the complaint filed in this cause, violated Disciplinary Rules 1–102(A)(3), (4) and (5) and 5–101(A) of the *Code of Professional Responsibility.*

As previously noted, this is not the first time Respondent has been before this Court in a disciplinary proceeding. In 1976, he was suspended from the practice of law for a period of not less than one year for exchanging legal services for sexual favors. Subsequent to the period of suspension, he was reinstated under our procedure which requires a showing of a proper understanding of professional standards and a willingness to conform to such standards.

Instead of meeting these standards, however, Respondent has engaged in conduct which clearly demonstrates a disregard of professionalism. When individuals, who were relying on his legal skills, informed him that they were unable to meet their financial obligations, Respondent exploited their plight for his personal, sexual gratification. Respondent, with the assistance of another, arranged for a seventeen year old girl to be employed in the making of pornographic movies. Respondent engaged in illegal conduct to accomplish his personal goals. This lack of professionalism is an embarrassment to the Bar of this State. Respondent has not only ignored the trust placed in him by his profession, he has misrepresented his commitment to ethics promised to this Court.

In light of these considerations, this Court can only conclude that, in order to protect the public from further acts of misconduct and in order to maintain the integrity of the Bar of this State, the strongest sanction available must be imposed in this case. It is therefore ordered that, by reason of the misconduct found under this cause, the Respondent be and he hereby is disbarred as an attorney in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.