## IN the MATTER OF DISCIPLINARY PROCEED-INGS AGAINST Larry R. RIDGEWAY, Attorney at Law.

Supreme Court

*No. 90-1213-D. Filed November 27, 1990.*

(Also reported in 462 N.W.2d 671.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Larry R. Ridgeway to practice law in Wisconsin be suspended for six months as discipline for having initiated and engaged in sexual contact with a client he was representing as public defender who was facing parole revocation and a prison sentence and for having encouraged that client to violate the terms of her probation.

We determine that the seriousness of Attorney Ridgeway's professional misconduct warrants the sus-

pension of his license to practice law in Wisconsin for six months. He used his professional relationship with a vulnerable client for his own personal gratification and, in the process, encouraged that client to violate the terms of probation imposed following her conviction in a matter in which he had represented her. The recommended six-month license suspension is appropriate discipline for that abuse of the attorney-client relationship and the consequent violation of his fundamental duty to pursue the best interests of his client.

Attorney Ridgeway was admitted to practice law in Wisconsin in 1975 and served as assistant state public defender in Eau Claire until his resignation in September, 1989. He has not practiced law since that resignation and now resides in California. He has not previously been the subject of a disciplinary proceeding but his license to practice law in Wisconsin was suspended October 31, 1989 for failure to pay mandatory assessments to the court's Board of Attorneys Professional Responsibility and Board of Attorneys Professional Competence and was later suspended for failure to comply with continuing legal education requirements. The referee in this proceeding is Attorney Rudolph P. Regez.

Upon a stipulation of the parties, the referee made the following findings of fact. In June, 1986, Attorney Ridgeway represented a woman charged with burglary. He succeeded in having the charge reduced to receiving stolen property and the client was placed on two years' probation and served 30 days in jail as a condition of probation. While on probation in October, 1987, the client was charged with forgery. Attorney Ridgeway again represented her and, in exchange for a guilty plea, she was sentenced to a three-year prison term, which was stayed, and she was ordered to serve three years' probation, a condition of which was a six months' stay in a

halfway house, where she was to receive treatment for alcoholism. One of the terms of her probation was that she not consume alcohol.

On May 11, 1988, the client absconded from the halfway house and returned to Eau Claire. Fearing that her probation would be revoked if apprehended and that she would have to serve the three-year stayed sentence for the forgery conviction, she telephoned Attorney Ridgeway at the Public Defender's office for advice.

Attorney Ridgeway spoke with the client's probation officer concerning the consequences if the client voluntarily surrendered and was told that the probation officer would pursue revocation of her probation. After further discussions with Attorney Ridgeway, the client refused to turn herself in, as he had advised her to do, and he proposed to the probation officer that the client would turn herself in and give the authorities the names of several drug dealers in the Eau Claire area if she could avoid probation revocation.

While still awaiting an answer to the proposal, Attorney Ridgeway met with the client at the home where she was staying in order to obtain details concerning her knowledge of drug trafficking in the Eau Claire area. At the completion of that meeting, Attorney Ridgeway placed his arm around the client, asked her what she thought of him, kissed her and asked whether she was interested in him. When he began making advances, the client told him she felt she owed him a lot but terminated the advances by telling him that the owner of the home would return soon.

The following day, the client called Attorney Ridgeway to learn the status of the negotiations with the probation department and Attorney Ridgeway told her that there had been no determination on her proposal. He proposed that they meet for the purposes of gathering

information and it was agreed that they would meet that afternoon at a motel. Attorney Ridgeway then reserved a room at the motel in the name of his regional supervisor in the Public Defender's office, for the stated purpose of being able to say he was there to meet with his supervisor in the event someone recognized him.

Attorney Ridgeway went to the motel, completed the registration card in the name of the supervisor, signed the supervisor's name and paid cash for the room. He then collected the client in the state car which had been assigned to the Public Defender office in Eau Claire and, on the way to the motel, stopped and bought a six-pack of beer. Once in the motel room, the client drank three cans of beer, following which Attorney Ridgeway undressed her and himself and began to have sexual contact with her. After several minutes of such contact, the client asked Attorney Ridgeway to stop and to take her home. He did as the client asked.

After that meeting, the client told Attorney Ridgeway she was going to leave the Eau Claire area and he urged her not to, as it would undermine his attempts to prevent revocation of her probation. The next day he informed her that he had not yet heard what the probation department had decided regarding her proposal. One week later he learned that the proposal had been rejected but by then the client had left the Eau Claire area. Attorney Ridgeway told the client's mother-in-law of the rejection of the proposal and she subsequently so advised the client. Thereafter, the client telephoned Attorney Ridgeway at his office and he told her that the proposal to be an informant had been rejected and advised her to turn herself in. The client did not do so but eventually was arrested.

The referee concluded that by providing beer to his client contrary to the conditions of her probation and by

having sexual contact with her at the same time he was representing her on a possible probation revocation, Attorney Ridgeway represented a client when that representation was materially limited by reason of conflict with the interests he manifested, in violation of SCR 20:1.7(b).[1] In recommending a six-month license suspension as discipline for that misconduct, the referee emphasized the client's vulnerability, as she was facing a three-year prison sentence if her probation were to be revoked, and Attorney Ridgeway's having encouraged her to continue violating the terms of her probation by providing her alcoholic beverage.

We adopt the referee's findings of fact and conclusions of law and we determine that Attorney Ridgeway's professional misconduct in this matter warrants a license suspension for a significant period of time. We accept the referee's recommendation that the license suspension be for six months.

IT IS ORDERED that the license of Larry R. Ridgeway to practice law in Wisconsin is suspended, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Larry R. Ridgeway pay to the

[1] SCR 20:1.7 provides:

**Conflict of interest: general rule**

. . .

(b)  A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1)  the lawyer reasonably believes the representation will not be adversely affected; and

(2)  the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Larry R. Ridgeway to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Larry R. Ridgeway comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.