[606 NYS2d 478]

In the Matter of IRWIN R. GILBERT, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 29, 1993

### APPEARANCES OF COUNSEL

*Daniel Drake,* Rochester, for petitioner.

*John Bryant,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in this

Department in 1978. In August 1992, the Grievance Committee of the Seventh Judicial District commenced this proceeding seeking to have respondent disciplined for violating Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), engaging in conduct that adversely reflects on his fitness to practice law; and DR 5-101 (A) (22 NYCRR 1200.20 [a]), accepting employment when the exercise of his independent professional judgment on behalf of his client will or may be reasonably affected by his own personal interest. The petition alleged that respondent made improper sexual advances to two women clients during the course of his representation of them in legal actions. The petition further alleged that respondent made inappropriate comments of a sexual nature and made unwanted sexual overtures to two female secretaries in his law office. The matter was referred for a fact-finding hearing before a Referee. Following the hearing, the Referee issued a report finding the testimony of petitioner's witnesses to be less than credible, but also finding respondent's testimony not credible. Petitioner and respondent moved to disaffirm in part and confirm in part the Referee's report.

We confirm the finding of the Referee that respondent's testimony was not credible and disaffirm the Referee's findings of lack of credibility on the part of the witnesses for petitioner. Based upon our review of the evidence adduced at the fact-finding hearing, we conclude that petitioner proved by a preponderance of the evidence that respondent made unwanted and unsolicited sexual advances, as well as inappropriate comments of a sexual nature, to two female secretaries in his office. The evidence supports the further factual determinations that respondent made unwanted and unsolicited sexual advances to two female clients during the course of his representation of them, at times exploiting the attorney-client relationship to pressure the clients into succumbing to his sexual demands. We conclude that respondent is guilty of violating DR 1-102 (A) (7) and DR 5-101 (A), and should be suspended from the practice of law for a period of one year, or until further order of this Court.

DENMAN, P. J., GREEN, BALIO, LAWTON and FALLON, JJ., concur.

Order of suspension entered.