**In re Raymond HOWARD, Respondent.**

**No. 77446.**

Supreme Court of Missouri,
En Banc.

Dec. 19, 1995.

John E. Howe, Chief Disciplinary Counsel, Barry J. Klinckhardt, Asst. Disciplinary Counsel, Jefferson City, for informant.

Raymond Howard, pro se.

ORIGINAL DISCIPLINARY
PROCEEDING

BENTON, Judge.

The Chief Disciplinary Counsel charges attorney Raymond Howard with "placing his own prurient interests paramount to and in conflict with his client's best interest" and with "impugning the integrity of opposing counsel, the judge and the judicial process." *Rules of Professional Conduct 1.7(b), 2.1, 3.5(c), 8.2(a) and 8.4(e).* After reviewing the

evidence de novo, this Court orders Howard suspended for violating Rules 1.7(b) and 2.1.

## I.

On July 23, 1989, Wanda J. Sargent and her spouse hired Howard for an insurance claim. During the course of representation, Howard suggested that Wanda Sargent accompany him on personal out-of-town trips (while her husband was away in the Army). In September 1991, while at Howard's office, he "grabbed" and tried to embrace and kiss her, compelling her to pull out a can of mace. The Sargents then discharged Howard as their attorney.

On August 17, 1990, Debra F. Brandt hired Howard to assist in collecting child support. On August 18, Brandt recorded a telephone conversation in which he suggested she come to his office for "a few drinks" and "a little loving." She declined. In September, two days before argument of her case in this Court, Howard informed Brandt that he would not appear unless, within 48 hours, she pay him $850 or have sex with him. Brandt refused Howard's advances and paid him cash the morning of oral argument.

■ A third complainant testified before the Advisory Committee but not before this Court's Master. The law of evidence in non-jury civil cases applies to disciplinary proceedings. *Rule 5.21(b)*. In order to introduce the prior testimony into evidence, the Chief Disciplinary Counsel must prove the complainant is unavailable after due diligence to procure her attendance. *In re Falzone*, 240 Mo.App. 877, 220 S.W.2d 765, 770 (1949). Neither at trial to the Master nor in briefing to this Court is due diligence demonstrated. The Chief Disciplinary Counsel merely asserted that the complainant was unavailable but offered no evidence of unavailability. *Id.*, 220 S.W.2d at 770–771. This Court thus cannot find the witness "unavailable"; her prior testimony is not admissible before this Court.

■ Howard denies all claims of sexual misconduct, arguing that the adverse testimony was fabricated when the complainants sat together before testifying to the Advisory Committee. Contrary to Howard's claim, there is no evidence the complainants conspired. The complaints against Howard were filed separately; the complainants neither knew nor communicated with each other prior to the proceedings. "This Court reviews the evidence de novo, determines independently the credibility, weight and value of the testimony of the witnesses, and draws its own conclusions of law." *In re Westfall*, 808 S.W.2d 829, 831 (Mo. banc 1991), *cert. denied*, 502 U.S. 1009, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991). This Court finds the facts as stated in this opinion.

In regard to sexual misconduct, Howard is charged with violating Rule 1.7(b) and 2.1. Rule 1.7(b) states: "A lawyer shall not represent a client if the representation of that client may be materially limited by ... the lawyer's own interests...." Rule 2.1 provides: "In representing a client, a lawyer shall exercise independent professional judgment and render candid advice." "The relation between attorney and client is highly fiduciary and of a very delicate, exacting and confidential character, requiring a very high degree of fidelity and good faith on attorney's part." *In re Oliver*, 365 Mo. 656, 285 S.W.2d 648, 655 (Mo. banc 1956).

■ The Rules are clear: "The lawyer's own interests should not be permitted to have adverse effect on representation of a client." *Comment, Rule 1.7.* Howard's unwanted sexual advances undermined the client's faith in his service and interfered with his independent professional judgment. Both the complainants testified that rejecting Howard's advances adversely affected his representation. In sum, Howard attempted to force clients to prostitute themselves to secure legal services, and thus violated Rules 1.7(b) and 2.1. *See In re Bourdon*, 132 N.H. 365, 565 A.2d 1052, 1056 (1989); *People v. Good*, 893 P.2d 101, 104 (Colo. banc 1995); *In re Gilbert*, 194 A.D.2d 262, 606 N.Y.S.2d 478, 479 (N.Y.1993); *Office of Disciplinary Counsel v. Paxton*, 66 Ohio St.3d 163, 610 N.E.2d 979, 980 (1993); *In re Otis*, 135 N.H. 612, 609 A.2d 1199, 1203 (1992); *In re Wolf*, 312 Or. 655, 826 P.2d 628, 630–31 (banc 1992); *People v. Zeilinger*, 814 P.2d 808, 809 (Colo. banc 1991); *In re Ridgeway*, 158 Wis.2d 452, 462 N.W.2d 671, 673 (1990); *In re Drucker*, 133

N.H. 326, 577 A.2d 1198, 1202 (1990); *In re Wood,* 489 N.E.2d 1189, 1191 (Ind.1986); *People v. Gibbons,* 685 P.2d 168, 175 (Colo. banc 1984); *In re Wood,* 265 Ind. 616, 358 N.E.2d 128, 133 (1976).

■ Howard responds that the Chief Disciplinary Counsel failed to establish clear and convincing evidence of *quid pro quo* sexual harassment or a hostile work environment. He apparently confuses this attorney disciplinary proceeding with an action under Title VII of the Civil Rights Act of 1964. *42 U.S.C. § 2000e–17.* In disciplinary proceedings, truth of the allegations need only "be established by a preponderance of the evidence." *In re Elliott,* 694 S.W.2d 262, 263 (Mo. banc 1985).

## II.

On August 13, 1992, Howard was to appear in court for a call docket on a counterclaim. He did not appear, request a continuance, or otherwise explain his absence. The counterclaim was dismissed with prejudice. In response, Howard filed a Motion for Change of Judge stating:

> Comes now defendant, Mary Winfield, and requests a change of judge for the reason that she can not obtain a fair and impartial trial before Judge Goeke and for the further reason that plaintiff's counsel, Kathryn A. Dyer, appears to have an unusual amount of influence with a said judge.

In the accompanying Motion to Set Aside the Dismissal, Howard alleged:

> Defendant's counsel was on vacation on August 13, 1992, and did not believe plaintiff's counsel would surreptitiously and unethically cause the court to dismiss defendant's counterclaim with prejudice.... The dismissal was unfair, unreasonable, capricious and anathema to a just and humane judicial system.

Howard is charged with violating Rules 3.5(c), 8.2(a) and 8.4(e). Rule 8.2(a) prohibits a lawyer from making "a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer...."

■ Howard asserts that his comments about Judge Goeke and attorney Dyer were merely honest pleadings relating the facts and, thus, protected by the First Amendment of the United States Constitution. "[L]awyers who make derogatory statements about judges are protected by the First and Fourteenth Amendments to the United States Constitution from imposition of civil and criminal liability *unless* the statement is made 'with knowledge of its falsity or in reckless disregard of whether it was false or true.'" *Westfall* at 833 (*citing Garrison v. State of Louisiana,* 379 U.S. 64, 74, 85 S.Ct. 209, 215, 13 L.Ed.2d 125 (1964)) (emphasis added).

■ The court documents establish that Howard maligned the judiciary by suggesting that opposing counsel had "an unusual amount of influence" over the judge, and could "cause" the judge to take a specific action. An attorney may file motions challenging the judge's impartiality. *Ex parte Howell,* 273 Mo. 96, 200 S.W. 65, 70–71 (1918). However, attorneys may not make allegations they know to be false, or with reckless disregard for their truth or falsity. Howard has never offered any evidence that substantiates the allegations in his motions. *See Leimer v. Hulse,* 352 Mo. 451, 178 S.W.2d 335, 340 (1944). Thus, Howard breached Rule 8.2(a).

Finally, Howard is charged with violating Rule 8.4(e): "It is professional misconduct for a lawyer to ... state or imply an ability to influence improperly a government agency or official." This Court finds no infraction of Rule 8.4(e) because Howard never implied *his* ability to influence improperly an official. Equally, Rule 3.5(c) does not appear directly applicable to Howard's motions.

## III.

The issue of discipline remains. Rule 5.21(c) authorizes four types of discipline: reprimand, suspension for an indefinite period of time, suspension for a fixed period of time, or disbarment. Howard emphasizes his 33 years of practice with no disciplinary violations and an exemplary record of public

service. *See ABA Standards for Imposing Lawyer Sanctions,* Rule 9.32(a), (g) (1986).

█ In conflict of interest cases, this Court reprimands only if the lawyer is merely negligent in determining whether representation may be materially affected by the lawyer's own interests and then causes injury or potential injury to a client. *ABA Standards for Imposing Lawyer Sanctions,* Rule 4.33 (1986). Because Howard's sexual misconduct was more than negligent, a public reprimand is not appropriate, especially in view of the aggravating factors: (1) the pattern of sexual misconduct, (2) a blatant refusal to acknowledge the wrongful nature of his conduct, and (3) the multiple offenses including the additional violation of Rule 8.2(a). *ABA Standards for Imposing Lawyer Sanctions,* Rule 9.22(c), (d), (g) (1986).

### IV.

This Court orders Raymond Howard suspended indefinitely with leave to apply for reinstatement six months after the effective date of his suspension. *ABA Standards for Imposing Lawyer Sanctions,* Rule 2.3 (1986); *Rule 5.26(a).* Costs taxed to Respondent.

HOLSTEIN, C.J., PRICE, LIMBAUGH and COVINGTON, JJ., and DOWD, Special Judge, concur.

ROBERTSON, J., concurs and concurs in result in separate opinion filed.

WHITE, J., not sitting.

ROBERTSON, Judge, concurring and concurring in result.

I concur in all but part II of the Court's opinion. I do not join the Court's opinion in full because I harbor grave reservations about the wisdom of this Court imposing disciplinary sanctions resulting in the suspension of the member of the Bar based in part on statements made in documents filed with the Court.

This case is substantially different than in *In re Westfall,* 808 S.W.2d 829 (Mo. banc 1991). In *Westfall,* the attorney charged with violating the canons of professional conduct made statements questioning the integrity of judges to the press for the purpose of communicating those views to the public at large. In this case, Mr. Howard did not disseminate his views of any judge to the public generally or with the intent that they reach the public generally. Instead, he committed his accusations about the judge to a written document and filed that document with the very judge against whom he made the accusations.

Even if the Court is correct that the First Amendment does not protect recklessly false statements, I do not believe that such statements filed in the manner with which Mr. Howard filed them ought to be the subject of disciplinary sanctions.

If offended by words written in documents filed with a court, that court has the authority to find the author of the words guilty of contempt and impose sanctions. Absent a continuing pattern of this sort of behavior, I believe that contempt is the far preferable procedure to redress Mr. Howard's conduct contained in written documents filed with the court than is the disciplinary process. *See In re Coe,* 903 S.W.2d 916, 919 (Mo. banc 1995) (Robertson, J., concurring in result) ("Given [the] powers [to impose contempt sanctions] resident in any trial court, I do not believe that a suspension from practice is appropriate absent egregious, continuous, long-standing, habitual and contumacious behavior.")

The charges filed against Mr. Howard relating to sexual misconduct are sufficiently egregious and proven sufficiently well to warrant his suspension from the practice of law. I concur fully in the Court's imposition of that sanction on the basis of the sexual misconduct alone.