**In re Irwin R. GILBERT, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1928.**

District of Columbia Court of Appeals.

Submitted Sept. 30, 1998.

Decided Oct. 22, 1998.

Before SCHWELB and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM.

In this reciprocal discipline case, the Board on Professional Responsibility has recommended that Irwin R. Gilbert, a member of our Bar, be suspended from practice for one year, *nunc pro tunc* to April 7, 1995, the date on which Gilbert advised this court of his suspension in New York. The proceedings in New York arose from Gilbert's unsolicited sexual advances to two female secretaries in his office and to two female clients. *See In re Gilbert,* 194 A.D.2d 262, 606 N.Y.S.2d 478 (4th Dept.1993).

Bar Counsel has advised the court that he takes no exception to the Board's Report and Recommendation. Gilbert's attorney has advised the court that he likewise takes no exception. In light of the limited scope of our review under such circumstances, *see In re Goldsborough,* 654 A.2d

---

1285, 1288 (D.C.1995), and given the presumption that, in reciprocal discipline cases, the discipline in the District of Columbia will be the same as that in the original disciplining jurisdiction, *see In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992), we follow the recommendation of the Board.[1] Accordingly, Irwin R. Gilbert is hereby suspended from practice for a period of one year, *nunc pro tunc* to April 7, 1995.

*So ordered.*[2]

1. We need not and do not decide whether this sanction would have been appropriate if this case had originated in the District of Columbia, or if one or both parties had contested the sanction recommended by the Board.

2. According to the Board's Report, Gilbert "has filed both the affidavits under *In re Goldberg*, 460 A.2d 982, 985 (D.C.1983) and Rule XI, Section 14(g)."