# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1877-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Robert J. Baratki, Attorney at Law: |
| | Office of Lawyer Regulation,<br>　　　　　Complainant,<br>　　　v.<br>Robert J. Baratki,<br>　　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BARATKI

| | |
|---|---|
| OPINION FILED: | October 3, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

No.   2016AP1877-D

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

STATE OF WISCONSIN               :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Robert J. Baratki, Attorney at Law:**

**Office of Lawyer Regulation,**

    **Complainant,**

        **v.**

**Robert J. Baratki,**

    **Respondent.**

**FILED**

**OCT 3, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1   PER CURIAM.   We review Referee James J. Winiarski's recommendation that the court declare Attorney Robert J. Baratki in default and suspend his Wisconsin law license for a period of 60 days for his misconduct in two client matters, his appearance in numerous client matters while his license to practice law was suspended, and his non-cooperation with the Office of Lawyer Regulation's (OLR) investigation into his conduct.   The referee also recommended that Attorney Baratki be required to make restitution to a former client in the amount of $487.50, and to

pay the full costs of this proceeding, which total $1,428.93 as of June 13, 2017.

¶2 Because no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2). After conducting our independent review of the matter, we agree with the referee that, based on Attorney Baratki's failure to answer the complaint filed by the OLR, the OLR is entitled to a default judgment. However, we disagree with the referee that Attorney Baratki's professional misconduct warrants only a 60-day suspension. We conclude, instead, that a six-month suspension is warranted. We agree with the referee that Attorney Baratki should be ordered to pay the full costs of the proceeding, as well $487.50 in restitution.

¶3 Attorney Baratki was admitted to practice law in Wisconsin in 1990. He has twice been privately reprimanded. In 2006, he was privately reprimanded for engaging in a consensual sexual relationship with his client when he did not have such a relationship with the client prior to the establishment of their attorney-client relationship, in violation of former SCR 20:1.8(k)(2). See Private Reprimand No. 2006-20 (electronic copy available at https://compendium.wicourts.gov/app/raw/001926.html). In 2014, he was privately reprimanded for: (1) transmitting a letter to opposing counsel at a time his license was suspended for noncompliance with mandatory continuing legal education (CLE) requirements, in violation of SCR 20:8.4(f); and (2) acting on behalf of clients, including appearances in court, during a

2

period when his license was suspended for noncompliance with CLE requirements, in violation of SCR 31.10(1), enforced via SCR 20:8.4(f). See Private Reprimand No. 2014-4 (electronic copy available at https://compendium.wicourts.gov/app/raw/002644.html).

¶4  Attorney Baratki's law license is currently subject to administrative and temporary suspensions. It is administratively suspended for failure to comply with mandatory CLE reporting requirements. It is temporarily suspended due to his willful failure to cooperate with OLR investigations into his conduct. See Office of Lawyer Regulation v. Baratki, 2016XX1482-D and 2016XX1830-D, unpublished orders (S. Ct. December 14, 2016 and February 13, 2017, respectively).

¶5  On September 28, 2016, the OLR filed the current complaint against Attorney Baratki. The complaint alleges nine counts of professional wrongdoing, divided into three categories of misconduct. The following facts are taken from the OLR's complaint.

**Client K.D. (Counts 1-4)**

¶6  In February 2014, K.D. retained Attorney Baratki to represent her in a divorce proceeding.

¶7  Beginning in April 2014, Attorney Baratki began sending flirtatious, and sometimes sexual, text messages to K.D. In April 2014, Attorney Baratki sent K.D. a text message that read, "I forgot to tell you yesterday your top was really pretty," and, "You[] are so bad." When K.D. responded, "I think it is your imagination," Attorney Baratki replied, "Nope, it was

3

you and your abs." In May 2014, Attorney Baratki texted K.D. to suggest that she "could stop over for a 10 or 15 minute pawing before [K.D.'s daughter] stops over." Attorney Baratki later texted such appeals as, "Are you ignoring me?" and, "You don't love me anymore." Attorney Baratki also bragged to K.D. about how many women he had been with, suggested that she should "date," and forecasted her sexual predilections. In one of his meetings with K.D., Attorney Baratki lifted her shirt and kissed her abdominal area.

¶8 In December 2014, K.D. retained new counsel and Attorney Baratki's flirtatious communications ended.

¶9 In July 2015, the OLR sent Attorney Baratki notice of a formal investigation asking him to respond to a grievance filed by K.D. The OLR requested copies of all of his communications with K.D., as well as a complete copy of his file. Although Attorney Baratki provided a response to the OLR's investigative request, he did not provide the OLR with copies of his communications with K.D., or a complete copy of his file. After another written request from the OLR for a copy of these documents, Attorney Baratki provided what he claimed was a copy of all text messages pertaining to K.D.'s grievance. This claim was not true; Attorney Baratki omitted several text exchanges. When the OLR wrote to Attorney Baratki requesting copies of the omitted text messages, he failed to respond. When the OLR wrote to Attorney Baratki requesting a response to K.D.'s allegation that he had lifted her shirt and kissed her abdominal area, he failed to respond.

4

¶10 Based on the course of conduct described above, the OLR alleged in its complaint that Attorney Baratki represented K.D. despite a significant risk that his representation would be materially limited by his personal interest, in violation of SCR 20:1.7(a)(2)[1] (Count 1); engaged in harassment on the basis of sex, in violation of SCR 20:8.4(i)[2] (Count 2); violated that portion of the attorney's oath which requires abstention from all offensive personality, in violation of SCR 20:8.4(g)[3] and SCR 40.15[4] (Count 3); and failed to timely provide relevant information during the course of the OLR's investigation, in violation of SCR 22.03(2) and SCR 22.03(6),[5] enforced through SCR 20:8.4(h)[6] (Count 4).

---

[1] SCR 20:1.7(a)(2) provides:

(a) Except as provided in par. (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

[2] SCR 20:8.4(i) provides: "It is professional misconduct for a lawyer to harass a person on the basis of sex, . . .."

[3] SCR 20:8.4(g) provides: "It is professional misconduct for a lawyer to violate the attorney's oath."

[4] SCR 40.15, the attorney's oath, provides in part: "I will abstain from all offensive personality . . .."

[5] SCR 22.03(2) and (6) provides:

(continued)

**Client T.T. (Counts 5-6)**

¶11 In June 2013, T.T. retained Attorney Baratki to represent her in a divorce proceeding. Attorney Baratki failed to appear at a March 17, 2015 scheduling conference. On March 31, 2015, Attorney Baratki informed the circuit court that he no longer represented T.T. Attorney Baratki did not file a notice of withdrawal, did not request permission from the court to withdraw, and did not give T.T. reasonable notice or the opportunity to obtain substitute counsel. Following his

---

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[6] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(6), or SCR 22.04(1)."

6

withdrawal, Attorney Baratki did not provide T.T. with an accounting of his time or the services provided.

¶12 After T.T. filed a grievance with the OLR, Attorney Baratki provided the OLR with an accounting showing a balance due to T.T. in the amount of $487.50, which remains unpaid.

¶13 Based on the course of conduct described above, the OLR alleged in its complaint that Attorney Baratki failed to act with reasonable diligence and promptness in representing T.T., in violation of SCR 20:1.3[7] (Count 5); and failed to take proper steps upon termination of the representation to protect T.T.'s interests, in violation of SCR 20:1.16(d)[8] (Count 6).

### Practicing While Suspended (Counts 7-9)

¶14 On September 30, 2015, the State Bar of Wisconsin sent Attorney Baratki a certified letter advising him that if he failed to pay his fiscal 2016 State Bar dues, as well as sign a trust account certification, by 5:00 p.m. on October 31, 2015, he would be suspended from the practice of law. Attorney Baratki personally signed the receipt for the certified letter. Attorney Baratki failed to pay his bar dues or sign the trust account certification by the October 31, 2015 deadline.

---

[7] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[8] SCR 20:1.16(d) provides: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . refunding any advance payment of fee or expense that has not been earned or incurred."

¶15 On November 2, 2015, Attorney Baratki sent the State Bar a check for the dues owed, as well as for a late fee and a reinstatement fee. The State Bar received the check on November 5, 2015. However, Attorney Baratki failed to submit a signed trust account certification to the State Bar.

¶16 On November 6, 2015, the State Bar advised Attorney Baratki that his law license had been suspended, effective October 31, 2015, for "failure to pay State Bar dues and Supreme Court Board assessments as well as failure to comply with trust account certification requirements."

¶17 Over the next several weeks, while his license to practice law was suspended, Attorney Baratki either appeared in court or filed documents in 15 case matters. Attorney Baratki also met with a number of his clients while his law license was suspended.

¶18 After receiving a letter from the State Bar on November 23, 2015, regarding his suspension, Attorney Baratki contacted the State Bar and was told that he had failed to submit a signed trust account certification. Attorney Baratki faxed a signed certification to the State Bar, and the State Bar reinstated his license on November 24, 2015.

¶19 On December 3, 2015, the OLR sent a notice of investigation to Attorney Baratki, requesting a response. Attorney Baratki failed to respond.

¶20 Attorney Baratki later telephoned the OLR to request a response extension through February 12, 2016. He failed to respond by that deadline.

8

¶21 Attorney Baratki eventually submitted a response to the OLR on March 31, 2016, after this court issued an order to show cause why his license should not be suspended due to his failure to cooperate with the OLR's investigation.

¶22 Based on the course of conduct described above, the OLR alleged in its complaint that Attorney Baratki failed to comply with the trust account certification requirement, in violation of former SCR 20:1.15(i)(l)[9] (Count 7); engaged in the practice of law while his law license was suspended, in violation of SCR 22.26(2),[10] enforceable via SCR 20:8.4(f)[11]

---

[9] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(i)(1) provided:

    A member of the state bar of Wisconsin shall file with the state bar of Wisconsin annually, with payment of the member's state bar dues or upon any other date approved by the supreme court, a certificate stating whether the member is engaged in the practice of law. If the member is practicing law, the member shall state the account number of any trust account, and the name of each financial institution in which the member maintains the trust account . . ..

[10] SCR 22.26(2) provides:

    An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a
    (continued)

9

(Count 8); and failed to timely provide information during the course of the OLR's investigation, in violation of SCR 22.03(2), enforceable via SCR 20:8.4(h) (Count 9).

## Default Proceedings

¶23 According to the OLR's motion for default, to which Attorney Baratki did not respond, the OLR made multiple attempts to serve Attorney Baratki with the complaint and an order to answer. On three occasions in November 2016, a process server retained by the OLR attempted, unsuccessfully, to personally serve Attorney Baratki with the complaint and order to answer at his address on file with the State Bar. In December 2016, the OLR mailed the complaint and order to answer to Attorney Baratki's address on file with the State Bar, via certified mail.

¶24 Attorney Baratki failed to file an answer. In January 2017, the OLR filed a default motion.

¶25 According to the referee's report, after the OLR filed the default motion, the OLR's counsel was contacted by a lawyer who stated that Attorney Baratki might retain him in this matter. This possibility did not come to pass, however, and Attorney Baratki remained unrepresented.

---

commercial employer itself not engaged in the practice of law.

[11] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

¶26 The referee noticed and held a hearing on the OLR's default motion. Attorney Baratki failed to appear for the hearing.

¶27 The referee issued an order recommending that this court grant the OLR's default motion. Noting that Attorney Baratki had contacted a lawyer about the possibility (never realized) of representing him in this case, the referee found that Attorney Baratki was aware of the OLR's complaint and had chosen not to answer it.

¶28 The referee subsequently filed a report finding the facts as alleged in the OLR's complaint and concluding that Attorney Baratki had committed each of the nine alleged counts of misconduct. Based on the conclusions of misconduct, the referee recommended that Attorney Baratki's law license be suspended for 60 days. The referee also recommended that Attorney Baratki be ordered to pay the full costs of this matter, as well as restitution to T.T. in the amount of $487.50.

¶29 Attorney Baratki did not appeal from the referee's report and recommendation. Thus, we proceed with our review of the matter pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

11

¶30 We agree with the referee that Attorney Baratki should be declared in default. Although the OLR made reasonably diligent attempts to serve him, and although Attorney Baratki had sufficient notice of this matter to contact a lawyer about the possibility (never realized) of representing him, Attorney Baratki failed to appear or present a defense. Accordingly, we deem it appropriate to declare him in default. We also accept the referee's findings of fact based on the allegations of the complaint, and agree with the referee that those findings support a determination of misconduct on the nine counts alleged in the OLR's complaint.

¶31 However, we disagree with the referee's recommendation that this court impose a 60-day license suspension. This recommended sanction is too light.

¶32 Attorney Baratki's first category of misconduct——his inappropriate statements to and behavior toward K.D.——by itself justifies a suspension longer than 60 days. In In re Disciplinary Proceedings Against Kratz, 2014 WI 31, 353 Wis. 2d 696, 851 N.W.2d 219, we suspended a prosecutor, with no previous disciplinary history, for four months for sending unsolicited, sexually suggestive text messages to a domestic abuse crime victim, as well as for making sexually suggestive statements to two social workers before or during court proceedings. To be sure, Kratz does not exactly match the facts of this case——the respondent lawyer's conduct in Kratz was in some ways less severe, and in some ways more severe, than Attorney Baratki's conduct. There were no allegations in Kratz

that the respondent lawyer engaged in improper physical contact; Attorney Baratki undisputedly did so, lifting K.D.'s shirt and kissing her abdominal area during a meeting.  The respondent lawyer in Kratz made inappropriate statements to multiple women; Attorney Baratki affronted one woman.  Kratz involved a lawyer's attempts to become sexually involved with an especially vulnerable person——a domestic abuse crime victim whose abuser he was prosecuting; this case involves Attorney Baratki's attempts to become sexually involved with a client.  These differences notwithstanding, Kratz strongly suggests that Attorney Baratki's efforts to leverage his position of trust for personal gratification deserves more than the 60-day minimum[12] suspension. See Kratz, 353 Wis. 2d 696, ¶47 (imposing four-month suspension for the respondent lawyer's "crass placement of his personal interests above those of his client"); see also In re Disciplinary Proceedings Against Gibson, 124 Wis. 2d 466, 475, 369 N.W.2d 695 (1985)(imposing a ninety-day suspension on an attorney who made unsolicited sexual advances to a client; noting that such actions constitute "egregious conduct" that "perverts the very essence of the lawyer-client relationship").

¶33 There are additional matters to consider in this case. To Attorney Baratki's first category of misconduct we add his violation of professional rules governing an attorney's

---

[12] See In re Disciplinary Proceedings Against Grady, 188 Wis. 2d 98, 108-09, 523 N.W.2d 564 (1994) (explaining that generally the minimum length of a license suspension is 60 days).

withdrawal from representation, his appearance in numerous client matters while his law license was suspended, and his non-cooperation with the OLR's investigation into his conduct. We also consider his previous disciplinary matters, in which he failed to set appropriate boundaries with a client (as he did here) and practiced law during a license suspension (as he also did here). See Private Reprimand 2006-20, (electronic copy available at https://compendium.wicourts.gov/app/raw/001926.html); Private Reprimand 2014-4, (electronic copy available at https://compendium.wicourts.gov/app/raw/002644.html). We agree with the referee's observation that Attorney Baratki "apparently did not learn from either of his prior private reprimands."

¶34 Taken together, Attorney Baratki's serious and troublingly familiar misconduct renders a 60-day suspension an insufficient response. He abused his position of trust as a lawyer (again), practiced law during a suspension (again), violated the duties attendant to withdrawing from representation of a client, and disregarded his obligation to cooperate with the OLR. Given his course of conduct, we deem it imperative that, to resume the practice of law in Wisconsin, Attorney Baratki show this court that he has taken steps to avoid similar misdeeds in the future. We therefore impose a six-month suspension of Attorney Baratki's Wisconsin law license. See SCR 22.28(3). We note, too, that this particular length of suspension is consistent with our disciplinary precedent. See, e.g., In re Disciplinary Proceedings Against Ridgeway, 158

14

Wis. 2d 452, 462 N.W.2d 671 (1990) (assistant state public defender suspended for six months for having sexual contact with his client and providing her with beer in violation of her probation terms).

¶35 We turn next to the issue of costs. Our general practice is to impose full costs on attorneys who are found to have committed misconduct. See SCR 22.24(1m). There is no reason to depart from that practice here. We therefore impose full costs.

¶36 Finally, we turn to the issue of restitution. We agree with the referee that Attorney Baratki should be ordered to pay restitution to T.T. in the amount of $487.50.

¶37 IT IS ORDERED that the license of Robert J. Baratki to practice law in Wisconsin is suspended for a period of six months, effective November 14, 2017.

¶38 IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert J. Baratki shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,428.93.

¶39 IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert J. Baratki shall make restitution in the amount of $487.50 to T.T.

¶40 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶41 IT IS FURTHER ORDERED that Robert J. Baratki shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶42 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).[13]

---

[13] In addition to obtaining reinstatement from the disciplinary suspension imposed by this order, before he is able to practice law in Wisconsin, Attorney Baratki will be required to demonstrate that the grounds for any existing administrative and temporary suspensions have been resolved. See ¶4, supra.

16